[No. B212593. Second Dist., Div. Seven. Sept. 24, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JUSTIN PANAH BENHOOR, Defendant and Appellant.

1312

**COUNSEL**

Law Offices of Hamid Soleimanian and Hamid Soleimanian for Defendant and Appellant.

Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, and Eric Shannon, Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**PERLUSS, P. J.**—After he was cited for driving at an unsafe speed, Justin Panah Benhoor[1] unsuccessfully contested the charged infraction through a trial by written declaration. Dissatisfied with the adverse decision, he exercised his right to a trial de novo. The clerk set the new trial for a date 57 calendar days after receipt of Benhoor's new trial request. Arguing that rule 4.210 of the California Rules of Court, which governs trials by declaration, requires the new trial be held within 45 calendar days of the clerk's receipt of the new trial request, Benhoor moved to dismiss the citation. The trial court denied the motion and convicted Benhoor of the infraction. Although we agree with Benhoor's interpretation of rule 4.210(b)(7),[2] we disagree with his contention the remedy for this violation of the rule is dismissal pursuant to Penal Code section 1382 (section 1382), which provides a statutory right to a speedy trial and requires dismissal of an action that is not timely tried absent a showing of good cause. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Benhoor was found guilty on December 11, 2007 of driving at an unsafe speed (Veh. Code, § 22350),[3] following a trial by written declaration (Veh. Code, § 40902, subd. (a)(1)). He filed a timely written request for a trial de novo (rule 4.210(b)(7)), which was received by the clerk on December 19, 2007. On December 21, 2007 Benhoor's request was granted (Veh. Code, § 40902, subd. (d)); and the new trial was set for February 14, 2008, 57 days after the written request was received.

At the commencement of trial Benhoor moved to dismiss the citation pursuant to section 1382, subdivision (a)(3), which requires a defendant in a misdemeanor or infraction case to be brought to trial within 30 days after entry of an order granting a new trial from which no appeal is taken. The trial court denied the motion, and Benhoor was found guilty.[4]

---

[1] Benhoor's name has frequently been misspelled as "Beohoor" in the record and the briefs filed in this case. Throughout this opinion we use the spelling provided by his counsel at oral argument.

[2] References to a rule or rules are to the California Rules of Court.

[3] The citation stated Benhoor was driving approximately 44 miles per hour on a street with a posted speed limit of 30 miles per hour. Vehicle Code section 22350 provides, "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

[4] The record on appeal does not contain either a settled statement or a reporter's transcript of the oral proceedings at trial. Benhoor does not challenge his conviction on any ground other than the asserted denial of his statutory right to a speedy trial.

The appellate division of the superior court affirmed the conviction, rejecting Benhoor's "assumption that an order granting a request for a trial de novo, following a conviction in a trial by written declaration pursuant to Vehicle Code section 40902, is the legal equivalent of 'an order granting a new trial from which no appeal is taken' within the meaning of section 1382, subdivision (a)(3)"—essentially finding the statutory right to a speedy trial was inapplicable if the defendant proceeded by electing a trial by written declaration. We ordered the case transferred to this court to secure uniformity of decision and to settle an important question of law. (Rules 8.1002, 8.1008.)

## DISCUSSION

### 1. *Governing Law*

#### a. *The right to a trial by written declaration*

 To "promote[] judicial economy and convenience" for defendants, Vehicle Code section 40902, subdivision (a),[5] permits defendants charged with Vehicle Code infractions to elect to have a trial by written declaration. (*People v. Kennedy* (2008) 168 Cal.App.4th 1233, 1239 [86 Cal.Rptr.3d 236] (*Kennedy*).) "If the defendant is dissatisfied with a decision of the court [after a trial by written declaration], the defendant shall be granted a trial de novo." (Veh. Code, § 40902, subd. (d).) "The procedure of trial by written declaration is an accommodation to defendants, which obviates the expenditure of time and money to appear in court to defend a minor traffic infraction or violation of an ordinance. It is an election which is solely within the defendant's discretion. It also promotes judicial economy by reserving courtroom time and resources for more serious offenses. Yet the defendant retains the right to request a court trial in the event of an adverse decision." (*Kennedy*, at p. 1241.)

The Legislature authorized the Judicial Council of California to adopt rules and forms for conducting trials by declaration. (Veh. Code, § 40902, subd. (a)(2).) Rule 4.210 now sets forth statewide procedural requirements for trials by written declaration. In particular, rule 4.210(b)(7) implements Vehicle Code section 40902, subdivision (d)'s mandate that a defendant dissatisfied with a decision of the court in a trial-by-declaration proceeding "shall be granted a trial de novo."

---

[5] Vehicle Code section 40902, subdivision (a), states, "(a)(1) The court, pursuant to this section, shall, by rule, provide that the defendant may elect to have a trial by written declaration upon any alleged infraction, as charged by the citing officer, involving a violation of this code or any local ordinance adopted pursuant to this code, other than an infraction cited pursuant to Article 2 (commencing with Section 23152) of Chapter 12 of Division 11. [¶] (2) The Judicial Council may adopt rules and forms governing trials by declaration in accordance with this section. Any rule or form adopted by the Judicial Council pursuant to this paragraph shall supersede any local rule of a court adopted pursuant to paragraph (1)."

Rule 4.210(b)(7) provides in part, "If the defendant files a *Request for New Trial (Trial de Novo)* (form TR-220) within 20 calendar days after the date of delivery or mailing of the *Decision and Notice of Decision* (form TR-215), the clerk must set a trial date within 45 calendar days of receipt of the defendant's written request for a new trial." Rule 4.210 does not specify dismissal or any other remedy for failure to set a trial date within 45 calendar days of receipt of the defendant's written request for a new trial. Moreover, rule 4.210(c) generally provides, "Due dates and time limits must be as stated in this rule, unless changed or extended by the court. The court may extend any date, but the court need not state the reasons for granting or denying an extension on the record or in the minutes."

### b. *The right to a speedy trial*

■ The right to a speedy trial is a fundamental right guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution. (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206].) The purpose of the speedy trial right, applicable in both felony and misdemeanor prosecutions, is "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." (*Barker v. Wingo* (1972) 407 U.S. 514, 532 [33 L.Ed.2d 101, 92 S.Ct. 2182]; see *People v. Martinez* (2000) 22 Cal.4th 750, 768 [94 Cal.Rptr.2d 381, 996 P.2d 32].) "To implement an accused's constitutional right to a speedy trial, the Legislature enacted section 1382."[6] (*Rhinehart*, at p. 776; accord, *People v. Harrison* (2005) 35 Cal.4th 208, 225 [25 Cal.Rptr.3d 224, 106 P.3d 895] ["California Legislature has 're-expressed and amplified' these fundamental guarantees by various statutory enactments, including Penal Code section 1382."]; *Martinez*, at p. 766 ["statutory speedy trial provisions, Penal Code sections 1381 to 1389.8, are 'supplementary to and a construction of' the state constitutional speedy trial guarantee"].)

---

[6] With respect to misdemeanor and infraction cases, Penal Code section 1382 provides, "(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (3) Regardless of when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which no appeal is taken, or an appeal from a judgment in a misdemeanor or infraction case, within 30 days after the mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court, or within 30 days after the date of the reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367)." A number of exceptions to dismissal are provided, but are not relevant to our analysis.

The federal and state constitutional speedy trial rights differ from each other in certain respects and also differ from the statutory right set forth in section 1382 even though it was enacted to amplify those constitutional rights. (See *People v. Martinez, supra,* 22 Cal.4th at p. 765 ["[a]lthough similar in wording and spirit to the federal Constitution's speedy trial guarantee, the state Constitution's guarantee has independent force and operates somewhat differently from the federal provision"].) One significant difference is "the point at which the speedy trial right attaches." (*Id.* at p. 754.) "Under the *federal* Constitution . . . the speedy trial right does not attach upon the filing of a felony complaint, but only upon either arrest with continuing restraint or the filing of an indictment, an information, or a complaint charging a misdemeanor. Under the *state* Constitution, by contrast, the filing of a felony [or misdemeanor] complaint is sufficient to trigger speedy trial protection." (*Id.* at p. 765; see *Serna v. Superior Court* (1985) 40 Cal.3d 239, 248 [219 Cal.Rptr. 420, 707 P.2d 793] [right to speedy trial in misdemeanor prosecution "attaches under the California Constitution when a criminal complaint is filed"].)[7] Notwithstanding "the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial '. . . can be quantified into a specified number of days or months' " (*Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781–782 [126 Cal.Rptr. 251, 543 P.2d 619]), section 1382 enforces the speedy trial right with specific deadlines measured by days after certain events, including arraignment, declaration of a mistrial or entry of an order granting a new trial from which no appeal is taken, that differ depending on whether the case is a felony, on one hand, or a misdemeanor or infraction, on the other hand.[8] (Compare § 1382, subd. (a)(2) [felony cases] with § 1382, subd. (a)(3) [misdemeanor or infraction cases].)

 The nature of the showing a defendant must make to obtain a dismissal for violation of his or her speedy trial right also differs depending on the source of that right. "For the *federal* Constitution's speedy trial right, the United States Supreme Court has articulated a balancing test that requires consideration of the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defense caused by the delay. [Citation.] Because delay that is 'uncommonly long' triggers a presumption of prejudice [citation], a defendant can establish a speedy trial

---

[7] Unlike the filing of a misdemeanor complaint, the filing of a felony complaint does not trigger federal speedy trial right protection because "[a] felony complaint, unlike a misdemeanor complaint, does not confer trial jurisdiction. It invokes only the authority of a magistrate, not that of a trial court." (*Serna v. Superior Court, supra,* 40 Cal.3d at p. 257.)

[8] The due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution protect criminal defendants against unreasonable and prejudicial delays before the speedy trial rights attach. (*Serna v. Superior Court, supra,* 40 Cal.3d at p. 251; *Scherling v. Superior Court* (1978) 22 Cal.3d 493, 505 [149 Cal.Rptr. 597, 585 P.2d 219].)

claim under the Sixth Amendment without making an affirmative demonstration that the government's want of diligence prejudiced the defendant's ability to defend against the charge." (*People v. Martinez, supra,* 22 Cal.4th at p. 755.)

"Under the *state* Constitution, by comparison, the showing that the defendant must make depends upon whether the allegedly unreasonable delay occurred before or after the defendant's statutory speedy trial rights attached. . . . No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right *as construed and implemented by statute.* [Citation.] Instead, 'an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant's consent entitles the defendant to a dismissal.' " (*People v. Martinez, supra,* 22 Cal.4th at p. 766; see *Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 17 [270 Cal.Rptr. 346] ["[u]nder Penal Code section 1382 analysis, prejudice is presumed once the statutory period has passed; a defendant need not show any other harm"]; see generally § 1382, subd. (a).)

■ However, "[b]ecause the state constitutional speedy trial right is self-executing and broader than its statutory implementation, a defendant may claim a violation of the state Constitution's speedy trial right based on delay not covered by any statutory speedy trial provision. [Citation.] Thus, a defendant charged with a felony may predicate a claimed speedy trial violation on delay occurring after the filing of the complaint and before the defendant was held to answer the charge in superior court. In this situation, when the claimed speedy trial violation is not also a violation of any statutory speedy trial provision, [the California Supreme Court] has generally required the defendant to affirmatively demonstrate that the delay has prejudiced the ability to defend against the charge. [Citation.] In particular, [the court has] held that when a defendant seeks dismissal based on delay after the filing of the complaint and before indictment or holding to answer on felony charges, a court must weigh 'the prejudicial effect of the delay on defendant against any justification for the delay.' [Citations.] No presumption of prejudice arises from delay after the filing of the complaint and before arrest or formal accusation by indictment or information [citation]; rather, the defendant seeking dismissal must affirmatively demonstrate prejudice [citation]." (*People v. Martinez, supra,* 22 Cal.4th at pp. 766–767.)

Benhoor does not contend that he was prejudiced by being brought to trial 12 days after the deadline set forth in rule 4.210(b)(7) had passed or that the delay was "uncommonly long," which would be required to establish either a federal or state constitutional violation. Rather, Benhoor asserts the failure to bring him to trial within 45 days of receipt of his request for a new trial was a violation of rule 4.210(b)(7) and section 1382, subdivision (a)(3), and thus dismissal of the citation was required pursuant to that section.

### 2. *The Trial Court Violated Rule 4.210(b)(7) by Failing to Bring Benhoor to Trial Within 45 Days of Receipt of Benhoor's Request for a New Trial*

Rule 4.210(b)(7) requires the clerk to "set a trial date within 45 calendar days of receipt of the defendant's written request for a new trial." The People contend there was no violation of the rule because Benhoor's new trial date was set on December 19, 2007, two days after receipt of his written request. According to the People, the rule only requires the clerk to schedule a hearing within 45 days, which in fact occurred, not that Benhoor had to be "brought to trial"—the language used in section 1382, subdivision (a)(3)—within 45 days.[9]

As the People suggest, some statutes and rules differentiate the act of scheduling a hearing from the holding of the hearing. (See, e.g., Bus. & Prof. Code, § 1323 ["Upon receipt of a notice of defense by the licensee or registrant, the matter shall, within 15 days, be set for hearing. The hearing shall be held as soon as possible, but not later than 30 days after receipt of that notice."]; rule 5.605(f) ["[w]ithin 30 days from the filing of the petition, the court must (1) grant the petition, (2) deny the petition, or (3) set a hearing on the petition to be conducted within 30 days thereafter"].) However, we need not compare those or other enactments to rule 4.210 to determine the intent of its drafters; we need only examine the history of the rule itself.[10]

Rule 4.210 was originally adopted as rule 828, effective January 1, 1999. Former rule 828(b)(7) in part provided, "If defendant files a *Request for New Trial (Trial de Novo)* (form TR-220) within 20 calendar days after the date of mailing of the *Decision and Notice of Decision*, the clerk shall set a trial date *that shall be* within 45 calendar days of receipt of defendant's written request for a trial de novo." (Third italics added.) The original language of the rule, therefore, clearly imposed a requirement that the defendant be brought to trial within 45 days of the request for a new trial, not merely that trial be scheduled within that period. The deletion of the clarifying phrase "that shall

---

[9] There is no question that, if applicable, section 1382, subdivision (a)(3), required Benhoor be brought to trial within 30 days after entry of the order granting a new trial.

[10] "The ordinary principles of statutory construction govern our interpretation of the California Rules of Court. [Citations.] Our objective is to determine the drafter's intent. If the rule's language is clear and unambiguous, it governs. [Citation.] Experience teaches, however, that unforeseen ambiguities can and do come to light despite the drafters' considered efforts to avoid them. In such cases, courts may consult appropriate extrinsic sources to clarify the drafters' intent. [Citation.] Certainly the advisory committee's official comments on the rules, which are intended for this purpose, may properly be consulted." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 [55 Cal.Rptr.3d 534, 152 P.3d 1109]; accord, *Bi-Coastal Payroll Services, Inc. v. California Ins. Guarantee Assn.* (2009) 174 Cal.App.4th 579, 585 [94 Cal.Rptr.3d 562].)

be" from former rule 828(b)(7) was part of the January 1, 2007 rules amendments, adopted June 30, 2006, reorganizing, renumbering, reformatting and amending many of the rules of court. In addition to revising former rule 828(b)(7) (primarily substituting "must" for "shall"), it was relocated from former title 2 to title 4 and renumbered as rule 4.210(b)(7).

These changes to former rule 828(b)(7) were intended to be stylistic, not substantive. In its June 15, 2006 report to the Judicial Council summarizing the then proposed reorganization of the rules, the Administrative Office of the Courts[11] explained, "The current rules and standards are not well organized and are difficult to use. The format of the rules and standards could be easier to read." (Admin. Office of Courts, Report Summary on Reorganization of the Cal. Rules of Court, *supra*, p. 6.)[12] Accordingly, in addition to reordering and renumbering the rules, "[t]he format of the rules and standards will be changed to make them easier to read and understand. Many of the rules and standards will be amended for clarity and consistency of style. The reorganization is not intended to make substantive changes to the rules and standards, with limited exceptions." (Report Summary on Reorganization of the Cal. Rules of Court, at pp. 6–7.) The substantive changes were specifically described in the report—the principal changes were made to the juvenile rules. (*Id.* at p. 7, fn. 9.) The change to former rule 828(b)(7) was not identified as substantive. The report also stated, "[Stylistic] changes are not intended to create substantive changes." (Report Summary on Reorganization of the Cal. Rules of Court, at p. 11.) Rather, many of the rules "have been amended for consistency of style. To conform to contemporary usage, older rules still using 'shall' have generally been modified to use 'must'; the phrase 'pursuant to' has been replaced by 'under'; and the phrase 'prior to' has been

---

[11] Although the staff of the Administrative Office of the Courts presented the recommendation to the Judicial Council that it approve the changes to the rules, the Judicial Council's Rules and Projects Committee and various advisory committees were "extensively involved in [the] proposal to reorganize and revise" the rules. (Admin. Office of Courts, Report Summary on Reorganization of the Cal. Rules of Court, June 15, 2006, p. 1, fn. 1.)

[12] We provided the parties with a computer link to this report, as well as a copy of an October 2, 1998 report from the Traffic Advisory Committee to the Judicial Council of California, entitled "Traffic—Trial by Written Declaration (new rule 828 of the California Rules of Court and new Forms TR-200, TR-205, TR-210, TR-215, TR-220, and TR-225) (Action Required)," notified them we intended to take judicial notice of both reports pursuant to Evidence Code sections 452 and 459 and invited their response. (See Evid. Code, § 459, subd. (d).) In reply the People stated they had no objection to the court taking judicial notice of this material but otherwise provided no substantive comment. (In their reply the People suggested neither party had "proposed or briefed any issue based on either of these voluminous documents" and requested, "if the Court intends to raise an issue based on either or both of those documents," that we "inform the parties of the issue and permit supplemental briefing as to that issue." Of course, the proper construction of rule 4.210(b)(7)—the sole purpose for referring to these doucments—was the central issue in the appeal.) Benhoor did not respond. We now take judicial notice of these two reports.

replaced by 'before.' Other instances of archaic terminology or legalese have been changed. Some rules have been recast in the active voice instead of the passive voice." (*Ibid.*)

■ Whatever arguable ambiguity may exist in the use of the word "set" in rule 4.210(b)(7) as it now reads, the plain meaning of former rule 828(b)(7), coupled with the express statement that the 2007 amendments to this rule were not intended to be substantive, leave no doubt rule 4.210(b)(7) requires a defendant's new trial commence within 45 days of the court's receipt of his or her request for a new trial. Accordingly, bringing Benhoor to trial 57 days after the court's receipt of his request for a new trial violated rule 4.210(b)(7).[13] The question remains, however, whether the citation should have been dismissed as a result of that violation.

### 3. Violation of Rule 4.210(b)(7) Did Not Require Dismissal of Benhoor's Citation

Conceding that rule 4.210 itself provides no remedy for a violation of its time limits—and at least implicitly recognizing he is unable to demonstrate either the "uncommonly long" delay or prejudice necessary to establish a violation of his federal or state constitutional right to a speedy trial—Benhoor argues the delay in setting his new trial in violation of rule 4.210(b)(7) constitutes a violation of his statutory right to a speedy trial under section 1382, subdivision (a)(3), and dismissal is required pursuant to that section. Benhoor's argument suffers from two fatal flaws.

■ First, by its own terms section 1382, subdivision (a)(3), does not apply to a request for a new trial following a trial by written declaration. That subdivision requires the court to hold a new trial within 30 days in a case involving a defendant charged with a misdemeanor or infraction only when the retrial follows "a mistrial, an order granting a new trial from which no appeal is taken, or an appeal from a judgment." There was, of course, neither a mistrial nor a reversal on appeal in this case. Although there was an order granting a new trial, that order was not appealable; granting the new trial was automatic so long as the request was timely. (See Veh. Code, § 40902, subd. (d).) An "order . . . from which no appeal is taken" necessarily refers only to appealable new trial orders, that is, to those new trial orders made pursuant to Penal Code section 1181 appealable by the People. (See Pen. Code, § 1238, subd. (a)(3); see generally *People v. Andrade* (2000) 79 Cal.App.4th 651, 655, fn. 3 [94 Cal.Rptr.2d 314] ["[t]he Legislature has granted the People the right to appeal from an order granting a new trial"].) No such order was made in this case.

---

[13] Rule 4.210(c) authorizes the trial court to extend any date in rule 4.210 without a showing of good cause and without stating its reasons on the record. No order extending rule 4.210(b)(7)'s 45-day time limit was made when Benhoor's trial date was set for February 14, 2008.

■ Second, Benhoor's right to a new trial following the adverse decision in the trial by written declaration is governed by Vehicle Code section 40902, which contains no time limit for conducting the new trial, and by rule 4.210, implementing the right to trial by written declaration, not the more general language of section 1382. Although we believe there is no conflict between these statutes, even if there were, the more specific provisions of the Vehicle Code and rule 4.210 would control: "It is a settled rule of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute." (*Lacy v. Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472 [119 Cal.Rptr. 1, 530 P.2d 1377]; see, e.g., *Lake v. Reed* (1997) 16 Cal.4th 448, 464 [65 Cal.Rptr.2d 860, 940 P.2d 311] ["more specific statute controls over a more general one"]; *Cumero v. Public Employment Relations Bd.* (1989) 49 Cal.3d 575, 587 [262 Cal.Rptr. 46, 778 P.2d 174] [same].) "The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and 'requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision . . . .' " (*People v. Jenkins* (1980) 28 Cal.3d 494, 505–506 [170 Cal.Rptr. 1, 620 P.2d 587].)

Benhoor acknowledges this rule of statutory construction and essentially admits its applicability. (Cf. *Kennedy, supra,* 168 Cal.App.4th at p. 1240 ["[w]e construe subdivision (d) of [Vehicle Code] section 40902 and rule 4.210(b)(7) to be specific provisions limiting the general right to appeal from a conviction of an offense that is an infraction"].) Nevertheless, he contends section 1382, subdivision (a)(3), must be applicable—or at least its remedy of dismissal grafted onto rule 4.210(b)(7)—because otherwise violation of rule 4.210(b)(7) is without a remedy.

Benhoor's position arguably finds some support in *Sykes v. Superior Court* (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90] in which the Supreme Court, considering a situation that, like the case at bar, was not "on its face" covered by section 1382,[14] held that the statute constitutes a legislative

---

[14] Sykes's guilty plea was set aside in a postconviction habeas corpus proceeding, and the superior court was directed by the Court of Appeal to retry the case. (*Sykes v. Superior Court, supra,* 9 Cal.3d at p. 86.) Sykes sought a writ of mandate to compel dismissal of the felony information when no new trial had been scheduled for a period of 228 days following the appellate court's order, arguing he was entitled to a new trial within 60 days under section 1382. (*Sykes,* at pp. 88–89.) At the time, section 1382 mandated retrial within 60 days of the filing of the remittitur after a new trial had been ordered on appeal but had no provision governing the time for trial following issuance of a writ that in effect granted a new trial. Shortly after the *Sykes* decision, section 1382 was amended to apply to new trials ordered in writ proceedings. (See Stats. 1973, ch. 847, § 1, pp. 1513–1514.)

endorsement of dismissal as a judicial sanction for violation of the constitutional guarantee of a speedy trial and further held a delay in trial beyond the time limits specified in section 1382 was prima facie evidence of a violation of the defendant's constitutional rights. (*Sykes*, at p. 89.)

■ However, in *Crockett v. Superior Court* (1975) 14 Cal.3d 433, 438 [121 Cal.Rptr. 457, 535 P.2d 321] the court explained, "*Sykes* involved the applicability of section 1382 in a situation not expressly covered by that or any other statute. . . . In the absence of specific statutory coverage we applied in *Sykes* the self-executing constitutional provision and held that the accused was entitled to the dismissal of criminal charges which were not brought to trial within the 60-day period." Here, in contrast, there is specific statutory authority. As discussed, Vehicle Code section 40902, subdivision (d), grants a defendant dissatisfied with the results of a trial by written declaration the right to a new trial, but imposes no time limit for conducting that trial. Similarly, rule 4.210, although requiring the new trial be held within 45 days of receipt of the defendant's written request, expressly permits the court to extend that deadline without any statement of reasons on the record, let alone a showing of good cause. Thus, there is simply no basis, as there was in *Sykes*, to suggest there has been a legislative determination a delay in trial beyond 45 days from the defendant's request constitutes prima facie evidence of a violation of Benhoor's constitutional right to a speedy trial.

■ We agree with Benhoor that a defendant's election to proceed by trial by written declaration does not constitute an implied waiver of the defendant's constitutional right to a speedy trial.[15] By electing the convenience of a trial by written declaration, however, a defendant does waive the statutory right to a speedy trial and the remedy of dismissal in the absence of good cause for a delay, which is not necessarily a violation of constitutional magnitude. (See *Townsend v. Superior Court, supra,* 15 Cal.3d at p. 781 ["The right to a speedy trial is undeniably 'as fundamental as any of the rights secured by the Sixth Amendment' [citation], and we have previously stated in dictum that counsel may not waive this *constitutional* right over his client's objections. [Citation.] In contrast, however, the *statutory* right to be tried within 60 days (§ 1382, subd. 2) cannot properly be termed 'fundamental' in the foregoing sense and therefore beyond counsel's primary control."]; *People v. Shane* (2004) 115 Cal.App.4th 196, 202 [8 Cal.Rptr.3d 753] ["the statutory right to be tried on a misdemeanor complaint within 30 days under Penal Code section 1382 'cannot properly be termed "fundamental" ' "].)

---

[15] A defendant, however, must expressly waive some trial rights to proceed by way of trial by written declaration. "Prior to a trial by written declaration, the court must inform the defendant in writing of the nature of the proceedings, of his or her right to confront and cross-examine witnesses, to subpoena witnesses on his or her behalf, and to hire counsel at his or her own expense, and obtain a voluntary waiver of these rights. ([Veh. Code,] § 40901, subd. (c).)" (*Kennedy, supra,* 168 Cal.App.4th at pp. 1239–1240.)

A defendant who elects to proceed by trial by written declaration is still able to pursue federal and state constitutional speedy trial claims if there is a viable basis for them, including a demonstration of prejudice or an uncommonly long delay. As discussed, Benhoor makes no such constitutional claim; and on this record no such claim would have merit.

## DISPOSITION

The judgment is affirmed.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied October 20, 2009, and the opinion was modified to read as printed above.