Filed 2/7/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E082657 |
| v. | (Super.Ct.No. SWF1800105) |
| RICHARD MARTINEZ, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Harry M. Elias, Judge. (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed in part and remanded with directions.

Michael A. Hestrin, District Attorney, and Kristen Allison, Deputy District Attorney, for Plaintiff and Appellant.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Respondent.

Defendant and respondent Richard Martinez filed a motion to dismiss based on a purported violation of his rights to a speedy trial, which the court granted. On appeal,

1

plaintiff and appellant the People contend the court erred in granting defendant's motion. We reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Joel Walrath, a licensed plumber, lived with his mother-in-law, Gayle Jelley, in Lake Elsinore. Walrath was present when Jelley contracted with defendant to construct a pool in her backyard on January 21, 2017. The total contract price was for $26,900. Defendant said that he was a licensed contractor.

Jelley wrote defendant a check for $3,000 as a deposit on January 21, 2017. On February 14, 2017, Jelley wrote defendant another check for $3,000 for excavation of the pool. Defendant excavated the pool but "not the shape that originally was designed and submitted for the permit, and it was not deep enough in places and too deep in other places; so it had to be corrected." Defendant partially corrected it, but Walrath testified "we ended up having to correct the rest of it ourselves."

On February 28, 2017, at defendant's request, Jelley wrote defendant a third check for $3,000 for installation of the rebar. After defendant installed the rebar, he "abandoned the project."

Walrath testified numerous phone calls were made in an attempt to have defendant return to the work; however, "he would never show back up." Walrath investigated defendant's contractor's license status and discovered that it had expired long before he started the project.

---

[1] Our factual recitation is taken from the evidence adduced at the preliminary hearing.

Matt Boeck, an investigator for the Department of Consumer Affairs, Contractors State Licensing Board (CSLB), testified that any construction work for over $500 requires a license. Defendant obtained the permit for the construction of Jelley's pool. However, defendant never had a contractor's license. The CSLB had issued three prior administrative citations to defendant for contracting without a license.

On January 25, 2018, the People charged defendant by felony complaint with grand theft (Pen. Code, § 487, subd. (a), count 1), acting in the capacity of a contractor without a license (Bus. & Prof. Code, § 7028, subd. (a), count 2), requiring a downpayment in excess of $1,000 or 10 percent of the contract amount (Bus. & Prof. Code, § 7159.5, subd. (a)(3), count 3), and unlawfully receiving payments in excess of the work performed (Bus. & Prof. Code, § 7159.5, subd. (a)(5), count 4).[2] The court arraigned defendant on the complaint on December 9, 2021.

On October 22, 2018, a court dismissed a suit filed by Jelley against defendant in small claims court, in which defendant declared he had "attended court in person numerous times." Defendant averred he had "walked in person numerous times to the Riverside County Building Department to get copies of documents and paperwork I used to defend myself against the lawsuit."

---

[2] The latter three charges are misdemeanors.

On February 7, 2023,[3] the court held the preliminary hearing, after which it held defendant to answer. On February 15, 2023, the People charged defendant by information with the same offenses in the complaint.

On September 18, 2023,[4] defendant filed a "motion to dismiss based on pre-filing delay resulting in prejudice." (All caps omitted.) Defendant contended "defendant's speedy trial rights under the State Constitution were triggered on February 15, 2006, [*sic*] the date when the District Attorney's Office filed this complaint."[5] "The four and-a-half year delay in prosecuting this case constitutes actual prejudice . . . [constituting] speedy trial violations. Potential exonerating evidence including statements by potential witnesses has been irretrievably lost as memories have faded over this lengthy period of time." "The loss of key witnesses due to the prosecution's delay constitutes actual prejudice to [defendant]." "Of note, virtually every witness in the Building and Construction department has retired, transferred, or moved. Key witnesses who signed off on permits and inspected work are permanently unavailable. These witnesses would have been available to testify on behalf of [defendant] had this matter been prosecuted in a timely manner."

---

[3] On December 9, 2021, January 25, July 12, September 13, and November 15, 2022, defendant waived time, and the court continued the matter.

[4] On May 8, and September 14, 2023, the court granted defendant's requests to continue the matter for trial.

[5] The complaint was actually filed on January 25, 2018.

"Should any witnesses to the events be found, there is no guarantee that the witnesses are going to be able to recollect accurately the events that occurred four and a half years prior to arraign[ment] (and over six years since the alleged incident.) Additionally, [defendant] was never given an opportunity to even become aware that charges were pending against him, so he was denied the chance to preserve physical evidence such as check stubs, envelopes, letters, or other documents providing potentially exculpatory evidence or defenses to the charges against him. [Defendant] was never questioned or interviewed by the police about this incident so he would have no way to be alerted to save key information that could become important to his defense later."

Defense counsel attached as an exhibit to the motion an email reflecting that the inspector who approved construction of the pool had retired three years earlier. However, someone provided defense counsel a telephone number to obtain information about the inspector.

On September 26, 2023, the People filed opposition to defendant's motion contending defendant's state constitutional right to a speedy trial had not been violated. Rather, the People maintained that under state constitutional speedy trial law, there could be no presumption of prejudice, and that defendant had the burden to show actual prejudice, which he had failed to do: "For example, there is no mention of a document that has been lost to time, or a witness who would have had irreplaceable testimony who is now unavailable."

5

At the hearing on September 27, 2023, defense counsel noted, "the People are proceeding . . . without the main named alleged victim, the one who, herself, signed the contract. She medically will never be able to testify. She's had some type of a traumatic injury, so they are proceeding with another family member who states he was there. But it's very important that she's not subject to cross-examination. And in a case like this, I think it would be very important. We're talking about what was in her mind at the time she's entering this contract, because that is key to [defendant's] defense." "So I do believe there is ample showing of actual prejudice to him as well as that presumption of prejudice that he's entitled to . . . ."

The People responded, "Here, in the declaration, there's not even an assertion of prejudice. There's no conversation about who would have been called, what they would have testified to, how that's at all relevant. The fact that people have retired doesn't mean they are unavailable as witnesses. They can be located. I would assert that nothing they would testify to is actually relevant in this case." "This is a documents case. There's nothing that would suggest that some document is now no longer available, some witness is no longer available. There's no prejudice." "In fact, in the declaration, the defendant discusses that he successfully defended a small claims action against the victim in this case during the alleged delay." "He says in his declaration that he was able to go to the building and planning department to obtain documents that he used to defend himself in the small claims action."

The court asked the People, "What effort, if any, was made by law enforcement to make an arrest after January 26, 2018?" The People responded, "That, I don't know." "I know that by and large once COVID happened, they were stopping doing sweeps for outstanding felony warrants, but I don't know of any attempt to actually serve him." The court replied, "I don't think to issue a warrant, put it in the system, and do absolutely nothing when you have an investigator who knows about the case—I'm granting the motion to dismiss."

## II. DISCUSSION

The People contend the trial court erred in granting the motion to dismiss because the court applied an incorrect legal standard in not requiring defendant to demonstrate prejudice. Defendant responds that the excessive delay between the filing of the complaint and defendant's arraignment was sufficient, without further showing, to establish prejudice on the misdemeanor counts. With respect to the felony count, defendant maintains that he presented specific evidence reflecting prejudice due to the delay.

### A. General Law[6]

The federal constitutional right to a speedy trial "is distinct from the state constitutional right to a speedy trial and is analyzed differently . . . ." (*Dews v. Superior*

---

[6] The briefing below, and by the People on appeal, conflate a defendant's rights to a speedy trial under state and federal constitutional law and how those rights apply differently to misdemeanor and felony charges. Likewise, the court below did not address what law it was applying or how. Thus, it is impossible to determine precisely on

*[footnote continued on next page]*

7

*Court* (2014) 223 Cal.App.4th 660, 664 (*Dews*).) "[S]tate speedy trial principles [are] not coextensive with federal speedy trial jurisprudence and do[] not control speedy trial analysis under the federal Constitution." (*Id.* at p. 668.) "The federal and state constitutional speedy trial rights differ from each other in certain respects . . . ." (*People v. Benhoor* (2009) 177 Cal.App.4th 1308, 1316 (*Benhoor*).)

B. Felony Federal Speedy Trial Right[7]

"It is settled that, for federal constitutional purposes, attachment of the right to speedy trial occurs only upon '"either a formal indictment or information or else the

what basis or bases the court granted defendant's motion. We differentiate those rights *post* and address each right as applied separately to the felony and misdemeanor charges.

At oral argument, the People maintained that because they charged defendant for both the felony and misdemeanor offenses in a single *felony* complaint, only *felony* law should apply. (Compare §§ 691, subd. (f) & 954 with *Serna v. Superior Court* (1985) 40 Cal.3d 239, 258 (*Serna*) ["[T]he right to speedy trial under the Sixth Amendment is not dependent upon the label placed on an accusatory pleading."].) Defendant's counsel noted that she had not had sufficient opportunity to address that issue because it had only been raised at that moment. "When an appellant fails to raise an issue in the opening brief, raising it for the first time in a reply brief or at oral argument, we generally decline to address the issue or address it in a summary manner." (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 500.) Thus, the People forfeited the argument by failing to timely raise it. Moreover, we note that for purposes of the statute of limitations, separate timeframes often apply for misdemeanor and felony charges regardless of whether they are charged in the same complaint. (See *People v. Johnson* (2006) 145 Cal.App.4th 895, 900-901; *People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1439.)

[7] Defendant did not expressly assert any federal speedy trial rights below. Rather, defendant contended "defendant's speedy trial rights under *the State Constitution* were triggered on February 15, 2006, [*sic*] the date when the District Attorney's Office filed this complaint." (Italics added.) However, defendant relied heavily on *Stabio v. Superior Court* (1994) 21 Cal.App.4th 1488, which exposited several *federal cases* in concluding that, pursuant to a *Sixth Amendment analysis*, prejudice could be presumed in certain

*[footnote continued on next page]*

8

actual restraints imposed by arrest and holding to answer a criminal charge.'" [Citation.] The filing of a felony complaint does not trigger federal speedy trial protection on the charged crimes. [Citation.]" (*People v. DePriest* (2007) 42 Cal.4th 1, 26 (*DePriest*); see *People v. Buchanan* (2022) 85 Cal.App.5th 186, 192, fn. 3; *Martinez*, *supra*, 22 Cal.4th at p. 764.) "'Under the federal Constitution . . . the speedy trial right does not attach upon the filing of a felony complaint.'" (*Benhoor*, *supra*, 177 Cal.App.4th at p. 1316.) "Unlike the filing of a misdemeanor complaint, the filing of a felony complaint does not trigger federal speedy trial right protection because '[a] felony complaint, unlike a misdemeanor complaint, does not confer trial jurisdiction. It invokes only the authority of a magistrate, not that of a trial court." (*Ibid.* at fn. 7.)

To the extent defendant contended below, or does on appeal, that the court should or did dismiss defendant's felony charge based on his federal speedy trial rights, defendant has no federal speedy trial right based on prefiling delay. Thus, to the extent the court below dismissed the count 1 charge based on defendant's federal speedy trial right, the court erred.

---

circumstances, i.e., a defendant was not necessarily required to prove prejudice. The California Supreme Court implicitly overruled *Stabio* in *People v. Martinez* (2000) 22 Cal.4th 750 (*Martinez*). (*Id.* at p. 755 ["Under the state Constitution's speedy trial right, however, no presumption of prejudice arises from delay after the filing of a complaint and before arrest or formal accusation by indictment or information [citation]; rather, in this situation a defendant seeking dismissal must affirmatively demonstrate prejudice [citation]."].) Nevertheless, we will presume defendant preserved his federal speedy trial rights based on his heavy reliance on *Stabio*. The People do not argue otherwise.

C. Federal Misdemeanor Speedy Trial Right

"'Under the federal Constitution . . . the speedy trial right . . . attach[es] upon the filing of . . . a complaint charging a misdemeanor.'" (*Benhoor*, *supra*, 177 Cal.App.4th at p. 1316.)[8] "[T]he filing of a *misdemeanor complaint* does trigger the protection of the federal Constitution's speedy trial right." (*Martinez*, *supra*, 22 Cal.4th at p. 763; see *Dews*, *supra*, 223 Cal.App.4th at p. 665 ["The [federal] right to a speedy trial attaches when a person is arrested, or a misdemeanor complaint is filed, whichever occurs first."].)

The trial court is required "to determine 'whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.' [Citation.]" (*Dews*, *supra*, 223 Cal.App.4th at p. 665; accord *Serna*, *supra*, 40 Cal.3d at p. 252 ["[T]he court must balance the relevant factors—the length of the delay, the reason for the delay, the

---

[8] At oral argument, the People argued defendant's federal misdemeanor speedy trial right did not attach until the filing of the information on February 15, 2023, because the right does not attach until the filing of an accusatory pleading or formal charge, of which the People maintain a felony complaint is not, i.e., because the People did not charge defendant by *misdemeanor complaint*, his federal misdemeanor speedy trial right did not attach until the filing of the information. However, *Benhoor*, as noted, provides that the right attaches upon the filing of "'a complaint charging a misdemeanor.'" (*Benhoor*, *supra*, 177 Cal.App.4th at p. 1316; accord *Martinez*, *supra*, 22 Cal.4th at p. 765 ["Under the federal Constitution . . . the speedy trial right [applies upon] . . . the filing of a . . . complaint charging a misdemeanor."]; accord *People v. Shane* (2004) 115 Cal.App.4th 196, 201 ["Under the federal Constitution, the right attaches upon either an arrest with continuing restraint or the filing of a complaint charging a misdemeanor."].) Thus, the filing of any criminal complaint, whether felony or misdemeanor, which charges a misdemeanor is sufficient for the right to attach.

defendant's assertion of the right, and the prejudice to the defendant—in assessing whether the delay has deprived the defendant of that right."].)  "None of the four factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant.  In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.' [Citation.]" (*Dews*, at p. 665.)

"[T]he length of the delay, 'is to some extent a triggering mechanism.  Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' [Citation.]  If the defendant makes a showing of presumptive prejudice, 'the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.' [Citation.]" (*Dews*, *supra*, 223 Cal.App.4th at p. 665.)

"A delay of more than one year in a misdemeanor case is presumptively prejudicial . . . . [Citation.]" (*Dews*, *supra*, 223 Cal.App.4th at p. 665 [19-month delay between arrest and arraignment presumptively prejudicial]; accord *Serna*, *supra*, 40 Cal.3d at p. 252 [Delay of four and one-half years was presumptively prejudicial].)  "Our review is limited to the record of the proceedings below, and asks whether the lower court abused its discretion or exceeded its jurisdiction. [Citations.]" (*Dews*, at p. 664 [writ review in misdemeanor case].)  The trial court abuses its discretion where it issues a ruling without conducting the requisite analysis. (*Id.* at p. 669.)

Here, the 46-month delay between the filing of the complaint and defendant's arraignment was presumptively prejudicial. Thus, the court was required to weigh the four factors discussed *ante* in conducting the "'difficult and sensitive balancing process'" as to whether the People violated defendant's federal misdemeanor speedy trial rights by the delay. (*Dews*, *supra*, 223 Cal.App.4th at p. 665; accord *Serna*, *supra*, 40 Cal.3d at p. 252.)

We disagree with defendant's contention that "[t]he trial court, below, conducted a thorough analysis" in determining that defendant's speedy trial rights had been violated. The court did not discuss the four requisite factors when making its determination. The court only asked the People what effort they had made to arrest defendant after filing the complaint. After the People responded that they did not know, the court granted defendant's motion without conducting any analysis, let alone one consisting of the four required factors. Thus, the matter must be remanded on the misdemeanor counts for the court to conduct the requisite federal speedy trial analysis. (*Dews*, *supra*, 223 Cal.App.4th at p. 669 [Court issued a writ of mandate directing the trial court to vacate its order on the defendant's motion to dismiss for a speedy trial violation with directions to conduct a new hearing expressly applying the requisite balancing test and making appropriate factual findings.]; accord *Serna*, *supra*, 40 Cal.3d at p. 263 [Court issued writ directing lower court to vacate its order and conduct a new hearing to weigh "the interests of the defendant and the prosecution to determine whether the right was violated . . . ."].)

D.  State Felony Constitutional Speedy Trial Right

"Unlike its federal counterpart, the speedy trial guarantee under the state Constitution *is* triggered by the filing of a felony complaint.  Hence, such a violation may be premised 'on delay occurring after the filing of the complaint and before the defendant was held to answer the charge in superior court.'  [Citations.]" (*DePriest*, *supra*, 42 Cal.4th at p. 27; see *Benhoor*, *supra*, 177 Cal.App.4th at p. 1316 ["'Under the state Constitution, by contrast, the filing of a felony [or misdemeanor] complaint is sufficient to trigger speedy trial protection.'  [Citations.]"].)

"'[W]hen a defendant seeks dismissal based on delay after the filing of the complaint and before indictment or holding to answer on felony charges, a court must weigh "the prejudicial effect of the delay on defendant against any justification for the delay."  [Citations.]  No presumption of prejudice arises from delay after the filing of the complaint and before arrest or formal accusation by indictment or information [citation]; rather, the defendant seeking dismissal must affirmatively demonstrate prejudice [citation].'  [Citation]" (*DePriest*, *supra*, 42 Cal.4th at p. 27.)

"To warrant dismissal . . . the defendant must first show actual prejudice resulting from the delay.  [Citation.]  The showing of actual prejudice must be made on competent evidence and 'must be supported by particular facts and not . . . by bare conclusionary statements.'  [Citation.]  Speculative arguments are inadequate to establish actual prejudice.  [Citations.]  Instead, the defendant must affirmatively demonstrate having

13

suffered actual prejudice as a result of the delay, not just the possibility of prejudice. [Citation.]" (*People v. Manzo* (2023) 96 Cal.App.5th 538, 541-542 (*Manzo*).)

"We review a trial court's ruling on a motion to dismiss for prejudicial delay for an abuse of discretion and defer to any underlying factual findings if supported by substantial evidence. [Citation.] Whether a delay is prejudicial is a factual question that we review for substantial evidence. [Citation.]" (*Manzo*, *supra*, 96 Cal.App.5th at p. 542.)

Here, unlike the federal misdemeanor speedy trial right, there was no presumption of prejudice due to the delay between the filing of the complaint and defendant's arraignment. Thus, defendant was required to affirmatively demonstrate actual prejudice.

Here, defendant did not affirmatively demonstrate actual prejudice. Defendant below noted that "[k]ey witnesses who signed off on permits and inspected work are permanently unavailable. These witnesses would have been available to testify on behalf of [defendant] had this matter been prosecuted in a timely manner." However, defendant did not indicate which witnesses were permanently unavailable or the relevance of their testimony. Moreover, defendant later admitted there was a possibility these witnesses would be found: "Should any witnesses to the events be found, there is no guarantee that the witnesses are going to be able to recollect accurately the events that occurred four and a half years prior to arraign[ment] (and over six years since the alleged incident.)"[9]

---

[9] We note that much of the additional time that had elapsed since defendant's arraignment, of which defendant complained below, was the result of defendant's own requests for continuances and waivers of time.

14

Defendant noted, "[p]otential exonerating evidence including statements by potential witnesses has been irretrievably lost as memories have faded over this lengthy period of time." However, "potential" prejudice is not actual prejudice. Defendant failed to identify what "exonerating evidence" had been lost.

Defendant additionally argued he "was never given an opportunity to even become aware that charges were pending against him, so he was denied the chance to preserve physical evidence such as check stubs, envelopes, letters, or other documents providing potentially exculpatory evidence or defenses to the charges against him." However, he did not specifically identify what documentary evidence had been lost nor how it was relevant to his defense. Moreover, defendant prevailed in the small claims action against him based on the same conduct concerning the criminal matter, which presumably would have required that he had preserved the relevant evidence.

On appeal, defendant contends "that at least two specific, named probable witnesses . . . had retired, making contact with them . . . difficult at a minimum." But "probable" is not necessarily requisite and "difficult" is not impossible.

Indeed, as the People pointed out below, defendant had a contact number to obtain information for both people. One had only been retired for two years, while the other had retired three years earlier. To demonstrate actual prejudice, defendant would have had to, at minimum, not only attempt to contact the witnesses at the phone number that he had been provided *and* find them unavailable,[10] but defendant would also have had to

---

[10] Of course, there would also be other methods to attempt to locate the witnesses.

15

demonstrate how the unavailability of the witnesses would have prejudiced his case. As the People further noted below, available reports issued by the inspectors may very well have made calling them as witnesses unnecessary.

Defendant argues that Jelley's unavailability also prejudiced him. However, there is no indication in the record as to when Jelley became unavailable. If her medical inaccessibility occurred shortly after the People's filing of the complaint, then the delay thereafter had nothing to do with her unavailability.

Moreover, Walrath was available, and he testified that he was present at every critical juncture related to the contracting for and building of the pool. Furthermore, there was no showing by defendant that any information he obtained in successfully fending off the small claims action against him would not suffice to replace the inspectors' or Jelley's testimony.

Defendant's assertions of prejudice are conclusionary and speculative. Thus, defendant failed to affirmatively demonstrate actual prejudice, rather than the mere possibility of prejudice. Therefore, to the extent the court granted defendant's motion on count 1 based on his state constitutional right to a speedy trial, it abused its discretion.

16

E.  Misdemeanor State Constitutional Right to Speedy Trial

"The [state] right to a speedy trial attaches when a person is arrested, or a misdemeanor complaint is filed, whichever occurs first.  [Citation.]" (*Dews*, *supra*, 223 Cal.App.4th at p. 665; see *Serna*, *supra*, 40 Cal.3d at p. 248 [In a misdemeanor prosecution the speedy trial "right attaches under the California Constitution when a criminal complaint is filed.  [Citations.]"]; *Benhoor*, *supra*, 177 Cal.App.4th at p. 1316 ["'Under the state Constitution, by contrast, the filing of a felony [or misdemeanor] complaint is sufficient to trigger speedy trial protection.'  [Citations.]"].)

Where the defendant challenges "only prearrest delay, . . . the question to be decided by the trial court was whether the delay was shown to be unreasonable.  Delays in arrest that are necessary for law enforcement purposes, i.e., those occasioned by inability to locate the accused or witnesses, or to conduct further investigation and gather evidence, do not violate the right to speedy trial unless the prosecution is delayed unreasonably.  [Citation.]  To determine if the delay is unreasonable and the right to speedy trial violated, 'the prejudicial effect of the delay on [the accused] must be weighed against any justification for the delay.'  [Citation.]" (*Serna*, *supra*, 40 Cal.3d at pp. 248-249.)

"[T]he initial burden in establishing a violation of article I, section 15, is on the defendant seeking dismissal who must demonstrate prejudice attributable to the delay in arrest.  [Citation.]  Only after he has done so must the court determine if the delay was justified and engage in the balancing process.  [Citation.]" (*Serna*, *supra*, 40 Cal.3d at

17

p. 249; accord *Dews*, *supra*, 223 Cal.App.4th at p. 668 ["[T]he standard for showing a speedy trial violation under the state Constitution . . . requires a showing of actual prejudice at the outset . . . ."].)[11]

As discussed *ante* with respect to defendant's felony constitutional right to speedy trial, defendant failed to demonstrate actual prejudice. Thus, the court erred to the extent it granted defendant's motion based on his misdemeanor state constitutional right to a speedy trial.

## III. DISPOSITION

The court's order dismissing the case is reversed. On the felony charge, the court is directed to enter an order denying defendant's motion to dismiss with respect to both his federal and state constitutional rights to a speedy trial. On the misdemeanor charges, the court is directed to enter an order denying defendant's motion with respect to his state constitutional right to a speedy trial. With respect to defendant's federal constitutional right to a speedy trial as to the misdemeanor charges, we remand the matter with

---

[11] In its *federal* speedy trial analysis, *Serna* presumed prejudice where the delay between the filing of the complaint and the arrest exceeded a year. (*Serna*, *supra*, 40 Cal.3d at pp. 252-263 ["When a delay in bringing a defendant to trial after the filing of formal charges has become presumptively prejudicial, and the defendant seeks dismissal of the charges on grounds that his *Sixth Amendment* right to a speedy trial has been violated, the court must balance the relevant factors—the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant— in assessing whether the delay has deprived the defendant of that right."], emphasis added.) However, even there, *Serna* held that the court was required to receive evidence and conduct an analysis in which it would weigh "the interests of the defendant and the prosecution to determine whether" the right was violated. (*Id*. at pp. 262-263.) Here, we apply *Serna*'s standard for determining whether defendant's *state* misdemeanor speedy trial right was violated. (*Id*. at p. 250 ["We look therefore to determine whether the accused has demonstrated actual prejudice from a prearrest delay."].)

18

directions to the court to conduct an analysis of the requisite four factors and articulate its reasons for granting or denying the motion. (*Dews*, *supra*, 223 Cal.App.4th at p. 665.) We express no opinion on how the court should rule on remand.

CERTIFIED FOR PUBLICATION

McKINSTER _____
Acting P. J.

We concur:

MILLER _____
J.

FIELDS _____
J.