[No. E046145. Fourth Dist., Div. Two. Dec. 3, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL J. KENNEDY, Defendant and Appellant.

COUNSEL

Michael J. Kennedy, in pro. per., for Defendant and Appellant.

Michael A. Ramos, District Attorney, Grover D. Merritt, Lead Deputy District Attorney, and Paul W. Feldman, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

**RAMIREZ, P. J.**—Defendant Michael J. Kennedy appeals from his conviction, following a trial by declaration, for violating Vehicle Code section 22350 (unsafe speed).[1] The Appellate Division of the San Bernardino County Superior Court certified the case for transfer to this court to determine whether a defendant convicted after a trial by declaration may take a direct appeal to the appellate division, or whether such an appeal is authorized only if the defendant is first convicted again following a trial de novo. We hold that a direct appeal to the appellate division of the superior court is authorized only if a defendant convicted after a trial by declaration has timely sought a trial de novo.

## BACKGROUND

Defendant was cited for speeding when he was clocked at a speed of 63 miles per hour in a 40-mile-per-hour speed zone. Defendant elected to have a trial by declaration for his traffic infraction. (§ 40902.) The trial by declara-

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

tion was conducted on January 31, 2008; defendant was found guilty and fined $319.

Defendant did not request a trial de novo. (Cal. Rules of Court, rule 4.210(b)(7).)[2] Instead, defendant filed a notice of appeal from the judgment. On June 13, 2008, the appellate division of the superior court dismissed the appeal because defendant had not requested a trial de novo. On June 27, 2008, defendant petitioned for rehearing and requested that the cause be certified to the Court of Appeal. On July 1, 2008, the appellate division denied rehearing but certified the case for transfer to this court to decide whether a defendant convicted after a trial by declaration may take a direct appeal to the appellate division, or whether such an appeal is authorized only if the defendant is first convicted again after a trial de novo.

## DISCUSSION

We have found no published cases interpreting the legislative intent underlying the statutory provision permitting a defendant to elect to have a "trial by written declaration." For this reason, we review the legislative history of section 40902, permitting such an election, before interpreting its impact upon a defendant seeking review from an adverse decision.

### a. *Legislative History and Intent of Provisions Governing "Trials by Written Declaration"*

Defendant argues that his election to have a trial by declaration did not restrict his right to appeal directly to the appellate division of the superior court. He contends that the Legislature did not intend "to limit traditional avenues of review" in enacting section 40902. We disagree.

Section 40902 governs "trials by declaration." The statute was originally enacted in 1978, to provide that "[t]he court . . . may, by rule, provide that the defendant may elect to have a trial by written declaration upon any alleged infraction involving a violation of [the Vehicle Code] or any local ordinance . . . ." (Stats. 1978, ch. 1282, § 1, p. 4187.) Former subdivision (b) of section 40902 provided that the rules governing such trials *may* provide for the introduction of the notice to appear (citation), notice of parking violation, a business record or receipt, a sworn declaration of the arresting officer, or a written statement or letter signed by the defendant, notwithstanding the hearsay rule (Evid. Code, § 1200 et seq.). Former subdivision (c) of section 40902 provided that "[i]f the defendant is dissatisfied with a decision of the court in a proceeding pursuant to this section, such party shall be granted a trial de novo."

---

[2] All further references to rules are to the California Rules of Court.

In 1983, the Legislature amended section 40902. Subdivision (a) was added to provide that a court may, by rule, provide that a defendant may elect to have a trial by written declaration for any infraction or violation of local ordinance. Subdivision (b) was amended to provide that the court *shall* provide that a defendant who has received a parking violation and who resides more than 100 miles from the court may elect to have a trial by written declaration. Former subdivision (b) was renumbered as subdivision (c), without any change, and former subdivision (c) was renumbered as subdivision (d). This amendment still included a 100-mile radius requirement for the automatic provision for election of a trial by written declaration, although the court always had the authority to provide the election opportunity to a defendant. (Stats. 1983, ch. 345, § 1, pp. 1543–1544.)

In 1993, the Legislature decided to offer the option of electing to have trial by written declaration to defendants in Vehicle Code infraction cases, regardless of the distance between the defendants' residences and the courts. (Assem. Bill No. 1398 (1993–1994 Reg. Sess.) § 1.) The stated purpose of the amendment was to remove the 100-mile requirement from the place of the infraction, and the legislation would present the option of a trial by declaration automatically. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1398 (1993–1994 Reg. Sess.) as amended Apr. 12, 1993, p. 1.) However, section 40902, subdivision (a) still made the election available to a defendant pursuant to a local rule.

Subsequently, in 1998, the most recent amendment was enacted, incorporating the basic provisions of the earlier versions, but authorizing the Judicial Council to adopt statewide rules and forms for conducting trials by declaration, to promote uniformity. (Sen. Bill No. 1813 (1997–1998 Reg. Sess.) § 1.) Pursuant to this amendment, the Judicial Council added rule 4.210, setting forth the minimum procedural requirements for trials by written declaration under section 40902. Rule 4.210(a) further provides: "The procedures established by this rule must be followed in all trials by written declaration under that section."

Rule 4.210(b)(7) governs trials de novo following an adverse decision from a trial by written declaration. It states, "If the defendant files a *Request for New Trial (Trial de Novo)* (form TR-220) within 20 calendar days after the date of delivery or mailing of the *Decision and Notice of Decision* (form TR-215), the clerk must set a trial date within 45 calendar days of receipt of the defendant's written request for a new trial. The clerk must deliver or mail to the defendant and to the arresting officer's agency the *Order and Notice to Defendant of New Trial (Trial de Novo)* (form TR-225). If the defendant's

request is not timely received, no new trial may be held and the case must be closed."

### b. *Rules of Construction*

■ Our fundamental task in construing a statute is to ascertain the intent of lawmakers so as to effectuate the purpose of the statute. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1126 [77 Cal.Rptr.3d 569, 184 P.3d 702].)

■ It is true that Penal Code section 1466 provides that "[a]n appeal may be taken from a judgment or order, in an infraction or misdemeanor case, to the appellate division of the superior court . . . ." However, the language of the statute must be construed in the context of the statute as a whole and the overall statutory scheme, and we must give significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) Put another way, we do not construe statutes in isolation, but rather read every statute with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness. (*People v. Carroll* (2007) 158 Cal.App.4th 503, 510 [69 Cal.Rptr.3d 816].)

In ascertaining the intent of the Legislature, every word and phrase used is presumed to be intended to have meaning and perform a useful function. (*People v. Contreras* (1997) 55 Cal.App.4th 760, 764 [64 Cal.Rptr.2d 233].) A construction rendering some words in the statute useless or redundant is to be avoided. (*Ibid.*) Furthermore, we are bound by the principle that where a general statute standing alone includes the same subject matter as a specific act, the latter governs; that is, a general provision is controlled by one that is special. (*Ordlock v. Franchise Tax Bd.* (2006) 38 Cal.4th 897, 910 [44 Cal.Rptr.3d 212, 135 P.3d 628].)

### c. *Analysis*

■ The Legislature has promoted judicial economy and convenience to persons cited for infractions and municipal ordinances by enacting legislation that permits trials by written declaration. (§ 40902.) For a person living a significant distance from the court, it saves the time and money that would be expended to appear on a minor traffic matter while preserving the defendant's right to be heard and present a defense. However, a trial by written declaration involves waivers of certain trial rights. Prior to a trial by written declaration, the court must inform the defendant in writing of the nature of the proceedings, of his or her right to confront and cross-examine witnesses, to subpoena witnesses on his or her behalf, and to hire counsel at his or her

own expense, and obtain a voluntary waiver of these rights. (§ 40901, subd. (c).)

■ The defendant who elects a trial by written declaration has the right to seek a trial de novo in the event of an adverse decision, which must be granted, unlike the defendant who is convicted following a traditional court trial. (§ 40902, subd. (d).) The defendant may make this request within 20 days after the date of delivery or mailing of the decision. However, if the defendant's request "is not timely received, no new trial may be held and the case must be closed." (Rule 4.210(b)(7).) We construe subdivision (d) of section 40902 and rule 4.210(b)(7) to be specific provisions limiting the general right to appeal from a conviction of an offense that is an infraction.

In certain respects, the requirement for a trial de novo under section 40902 is similar to the statutory requirement of a trial de novo applicable in cases arising from decisions by local agencies pursuant to an ordinance. (Gov. Code, § 53069.4, subd. (b)(1).) One who contests an adverse decision from an administrative or other municipal agency relating to an ordinance must "seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence." (Gov. Code, § 53069.4, subd. (b)(1).) Considering the fact that section 40902 governs trials by written declaration "upon any alleged infraction . . . involving a violation of this code *or any local ordinance adopted pursuant to this code*" (italics added), the intent of the legislation was to require a defendant who has suffered an adverse decision on an infraction following a trial by written declaration to first file a request for a trial de novo as a prerequisite to a direct appeal.

■ The right to appeal is wholly statutory. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].) Penal Code section 1466, which provides that an appeal may be taken from a judgment or order in an infraction or misdemeanor case to the appellate division of the superior court, is a general statute. Section 40902, subdivision (d), is a specific statute, relating to trials by written declaration of infractions and provide and for review by way of a request for a trial de novo. We conclude that section 40902, subdivision (d) limits the right to appeal directly to the appellate division of the superior court in cases where the defendant has made a free and voluntary election to proceed with his or her infraction trial by way of written declaration.

Defendant argues that "[i]f the Legislature or Judicial Council had wanted to make the request for trial *de novo* the exclusive remedy, they could easily

and unambiguously have so provided."[3] We conclude that rule 4.210 expresses that unambiguous intent by stating that if a request for a trial de novo is not timely received, "no new trial may be held and the case must be closed." (Rule 4.210(b)(7).) Defendant also argues the decision of the appellate division effectively altered "the clear pronouncements of the Legislature by engrafting a new sub-section onto Penal Code section 1466" by which a final judgment of conviction resulting from a trial by written declaration is the exception to the rule providing for an appeal to the appellate division following a conviction for an infraction. However, it was not the appellate division that created the exception; the Legislature did so.

The procedure of trial by written declaration is an accommodation to defendants, which obviates the expenditure of time and money to appear in court to defend a minor traffic infraction or violation of an ordinance. It is an election which is solely within the defendant's discretion. It also promotes judicial economy by reserving courtroom time and resources for more serious offenses. Yet the defendant retains the right to request a court trial in the event of an adverse decision.

■ We conclude the Legislature intended to require a defendant to exhaust the procedure of requesting a trial de novo prior to filing a direct appeal to the appellate division of the superior court. ■ We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 634 [59 Cal.Rptr.2d 671, 927 P.2d 1175]; *People v. Hinkel* (2005) 125 Cal.App.4th 845, 852 [22 Cal.Rptr.3d 895].) The interpretation proposed by defendant would render the language of section 40902, subdivision (d), as well as rule 4.210(b)(7), meaningless surplusage.

Therefore, we hold that a direct appeal to the appellate division of the superior court is authorized only if a defendant who has been convicted after a trial by written declaration has timely sought a trial de novo.

---

[3] The People argue that defendant forfeited any objection to the review procedure by failing to object in the lower court and relying on cases addressing evidentiary objections waived at trial. We found no cases holding a defendant forfeited an objection to the postconviction review procedure by failing to raise the issue prior to the actual conviction. There is no reasonable opportunity to object to the method of review in cases tried by way of written declaration, because the matter of guilt is submitted in writing and there is no actual hearing at which to make an objection. Just as it is unreasonable to require defendants to anticipate unforeseen changes in the law because it would encourage fruitless objections in situations where defendants might hope an established rule of evidence would be changed on appeal . (*People v. De Santiago* (1969) 71 Cal.2d 18, 23 [76 Cal.Rptr. 809, 453 P.2d 353]), we do not encourage parties to make preventive objections to issues relating to posttrial procedures which are not yet ripe.

## DISPOSITION

The judgment of dismissal by the appellate division of the superior court is affirmed.

Gaut, J., and Miller, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 2009, S169687.