[No. E055690. Fourth Dist., Div. Two. Nov. 20, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN DEAUNDRA JOHNSON, Defendant and Appellant.

COUNSEL

Gary Windom, Public Defender, and Lisa M. Larson, Deputy Public Defender, for Defendant and Appellant.

Paul E. Zellerbach, District Attorney, Kelli M. Catlett and Natalie Pitre, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

RAMIREZ, P. J.—Defendant, a misdemeanant, was placed on summary probation for domestic violence in 2002. He was ordered to serve 30 days in jail on weekends and attend a 52-week batterer's program, among other probationary terms following his guilty plea. Probation was violated several times due to his failure to satisfy these two terms, but was reinstated each time until August 2003, when he was ordered to serve a straight sentence of 120 days in jail, concurrent with prison sentences on two felony cases, and probation was terminated early.

In 2011, defendant made a motion to set aside his guilty plea and dismiss the charge pursuant to Penal Code section 1203.4, on the grounds his probation was terminated early. The trial court denied the motion and the appellate division of the superior court affirmed that decision. The superior court then certified the case for transfer to the Court of Appeal to address the question of whether a defendant is eligible for relief when his probation is terminated early after a violation of probation. We accepted the transfer and now affirm.

## BACKGROUND

On March 8, 2002, defendant was charged in a single count complaint with misdemeanor domestic violence, in violation of Penal Code section 273.5, subdivision (a). At his arraignment, the clerk's minutes reflect that the misdemeanor would trail a felony, in case No. PEF004695. On March 19, 2002, defendant pled guilty to the charge and was placed on summary probation. The probationary terms required defendant to serve 30 days in jail, with credit for four days of presentence custody, participate in anger management, and enroll in a 52-week batterer's program. The jail time was to be served on consecutive weekends commencing on April 12, 2002, and defendant was directed to provide proof of completion of the batterer's program by April 9, 2003. The court referred defendant to the Alternative Sentencing Program (ASP)[1] to coordinate and monitor his compliance with the court-ordered conditions of probation.

On April 11, 2002, ASP reported that defendant failed to enroll in the batterer's program. The next day, the Riverside County Sheriff-Coroner's office reported that defendant failed to surrender for processing for his weekend commitment. On April 18, 2002, the clerk filed a formal allegation of violation of probation, alleging defendant had failed to participate in anger management and provide proof of completion to the clerk. On April 19, 2002, the clerk issued a second allegation of violation of probation and notice to appear regarding defendant's failure to turn himself in for his weekend jail commitment. On July 2, 2002, defendant admitted violating the terms of probation requiring him to attend the batterer's program and serve weekends in jail. Probation was reinstated.

On July 18, 2002, ASP provided an update to the court indicating defendant had appeared for his interview and was placed at Family Service Association of western Riverside County for the 52-week batterer's program, for which he would enroll in August. However, defendant failed to enroll, so the court set a hearing date of August 12, 2002, on the alleged violation of probation. When defendant failed to appear at that hearing, probation was revoked and a bench warrant was issued.

On September 23, 2002, defendant appeared on the bench warrant and admitted violating probation relating to the 52-week batterer's program. The court reinstated probation on the same terms and conditions. On September

---

[1] ASP, formerly known as Volunteer Center of Riverside County, is a private agency which links probationers to certified, court-approved programs and services. ASP provides services and monitors the probationer's compliance with court-ordered programs, and reports the probationer's completion or failure to complete programs to the court. See <www.connectriverside.org> (as of Nov. 20, 2012).

26, 2002, ASP notified the court that it had terminated defendant from the 52-week batterer's program because he failed to return for reinstatement after missing four consecutive weekly meetings. On October 24, 2002, the Riverside County Sheriff-Coroner's office reported that defendant failed to appear for his weekend jail commitment.

On November 7, 2002, the clerk filed and served notice to defendant of the alleged violation of probation regarding his failure to participate in the batterer's program and failure to serve his weekend jail time. The hearing on the violation of probation was scheduled to take place on December 9, 2002, but defendant failed to appear. The court revoked probation and issued a bench warrant. On August 26, 2003, defendant appeared on the bench warrant and admitted violating his probation. Although the minutes indicate he was reinstated on probation, the court committed defendant to county jail for the additional term of 120 days, to run concurrent with two felony cases, Nos. PEF004695 and SWF000862, and terminated defendant's probation early.[2]

On April 28, 2011, defendant filed a motion to set aside his guilty plea and dismiss the complaint, pursuant to Penal Code section 1203.4. The motion was denied, and defendant appealed to the appellate division of the superior court. (*People v. Johnson* (Super. Ct. Riverside County, 2012, No. APP1100125).) On February 21, 2012, the appellate division issued a per curiam opinion, affirming the trial court's denial of relief, on the grounds that mandatory relief under Penal Code section 1203.4 is triggered by successful completion of probation or early discharge from probation as a reward for good behavior and rehabilitation. (*People v. Johnson, supra,* No. APP1100125.) However, because reported decisions do not definitively address defendant's situation, the appellate division transferred the matter to this court (*Ibid.*; Cal. Rules of Court, rules 8.1002(1), 8.1005(a)(1)), and we accepted the transfer.

## DISCUSSION

Defendant argued in the appellate division, and, by way of supplemental briefing, in this court, that a defendant whose probation is terminated early has a right to relief under Penal Code section 1203.4, without regard to the failure to fulfill probation conditions. We disagree.

---

[2] On our own motion, we took judicial notice of the records of the Riverside County Superior Court pertaining to the two cases, on which defendant had been sentenced to state prison on October 29, 2002.

### a. *Rules of Statutory Construction and Reviewing Standard*

█ In interpreting this statute, we must ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People v. Lewis* (2006) 146 Cal.App.4th 294, 298 [53 Cal.Rptr.3d 40].) The fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the statute as a whole. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713]; *Tripp v. Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749].) When statutory language is clear and unambiguous there is no need for construction, and courts should not indulge in it. (*People v. Boyd* (1979) 24 Cal.3d 285, 294 [155 Cal.Rptr. 367, 594 P.2d 484].) Where different words or phrases are used in the same connection in different parts of a statute, it is presumed the Legislature intended a different meaning. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1117 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

█ Courts are required to give meaning to every word of a statute if possible and should avoid a construction that makes any word surplusage. (*Briggs v. Eden Council for Hope & Opportunity, supra*, 19 Cal.4th at p. 1118.) We give the statutory language its usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 585 [82 Cal.Rptr.3d 778].) If the plain language of the statute is unambiguous and does not involve an absurdity, then the plain meaning governs. (*Lewis v. Clarke* (2003) 108 Cal.App.4th 563, 567 [133 Cal.Rptr.2d 749].) Every word and phrase is presumed to be intended to have meaning and perform a useful function. (*People v. Kennedy* (2008) 168 Cal.App.4th 1233, 1239 [86 Cal.Rptr.3d 236].) A construction rendering some words in the statute useless or redundant is to be avoided. (*People v. Contreras* (1997) 55 Cal.App.4th 760, 764 [64 Cal.Rptr.2d 233].)

Interpretation of a statute is reviewed de novo. (*People v. Mgebrov, supra*, 166 Cal.App.4th at p. 585.)

### b. *Relief Pursuant to Penal Code Section 1203.4*

In relevant part, Penal Code section 1203.4, subdivision (a)(1), provides: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then

serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code."

■ Under Penal Code section 1203.4, when a defendant has " 'fulfilled the conditions of probation for the entire probationary period' " he or she " 'is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed.' " (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1266 [98 Cal.Rptr.2d 852].) It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant. (*People v. Bradus* (2007) 149 Cal.App.4th 636, 641 [57 Cal.Rptr.3d 79], citing *People v. Chandler* (1988) 203 Cal.App.3d 782, 788 [250 Cal.Rptr. 730]; *People v. Hawley* (1991) 228 Cal.App.3d 247, 249–250 [278 Cal.Rptr. 389].) The language of Penal Code section 1203.4 is mandatory if a defendant has fulfilled the conditions of probation for the prescribed period or has been discharged from probation. (*People v. Bradley* (1967) 248 Cal.App.2d 887, 889 [57 Cal.Rptr. 82].)

■ Defendant argues that the plain language of the statute mandates relief whenever probation has been terminated early, without regard for the reason for the early termination. That is not what the plain language of the statute provides. Instead, it expressly applies to defendants who are *discharged* from probation prior to termination of the period of probation. Relief under Penal Code section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of the conviction. (*Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1114 [93 Cal.Rptr.3d 736]; *People v. Mgebrov, supra*, 166 Cal.App.4th at p. 584; see *People v. Arata* (2007) 151 Cal.App.4th 778, 788 [60 Cal.Rptr.3d 160] [while the removal of a criminal record is not complete, it is still a "reward"].) " ' "The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation." ' " (*People v. Lewis, supra*, 146 Cal.App.4th at p. 297, quoting *People v. Chandler, supra*, 203 Cal.App.3d at pp. 788–789.)

■ Contrary to defendant's interpretation that early termination of probation makes a defendant eligible for relief, decisional law requires a defendant

making an application for relief under the statute affirmatively establish that he or she has fulfilled all probationary conditions. (*People v. Ignazio* (1955) 137 Cal.App.2d Supp. 881, 882–883 [290 P.2d 964] [the defendant has the burden of proving that he fulfilled the conditions of probation].) The requirement that a defendant has "fulfilled the conditions of probation for the entire period of probation" requires that all the conditions be completely performed within the probationary period. (*People v. Chandler, supra*, 203 Cal.App.3d at p. 789.) A defendant who fulfills the conditions early may be discharged prior to the termination of the period of probation, as was the case in *People v. Hawley, supra*, 228 Cal.App.3d at page 249.

■ Thus, a defendant who fails to make all court-ordered restitution payments during the entire period of probation fails to meet the requirement of full compliance and is not entitled to relief under Penal Code section 1203.4, even if the violation does not result in revocation. (*People v. Covington, supra*, 82 Cal.App.4th at p. 1269, citing *People v. Chandler, supra*, 203 Cal.App.3d 782; *People v. Turner* (1961) 193 Cal.App.2d 243, 247 [14 Cal.Rptr. 130].) From this, the Legislature has expressed an intent that mere termination of probation, whether prior to the expiration of the probationary term or upon the expiration of the term, is not sufficient to warrant the relief under Penal Code section 1203.4.

The appellate division of the superior court interpreted the phrase "or has been discharged prior to the termination of the period of probation" as meaning that mere early termination of probation is insufficient. (*People v. Johnson, supra*, No. APP1100125.) In order to warrant a "discharge" from probation, the defendant must have successfully completed or performed all the conditions of probation. The appellate division referred to our previous decision in *People v. Lewis* (1992) 7 Cal.App.4th 1949 [10 Cal.Rptr.2d 376] [Fourth Dist., Div. Two], where we noted the distinction between "termination of probation," which may occur based on a violation of probation, and "discharge from probation," where the defendant has completed the term of probation. (*Id.* at pp. 1955–1956, italics omitted.) Because reported decisions have not dealt with this precise issue (probation terminated early following a violation of probation), the case was certified for transfer to this court. We agree with the interpretation of the appellate division and conclude defendant was not entitled to relief on the ground his probation was terminated early, because he did not establish that he had fulfilled the probationary terms and conditions.

■ The clear intent of the probation sections of the Penal Code, and especially of section 1203.4, is to effect the complete rehabilitation of those convicted of crime. (*People v. Taylor* (1960) 178 Cal.App.2d 472, 478 [3 Cal.Rptr. 186].) The statute rewards those who comply with their terms of

probation or are relieved from compliance. (*People v. Butler* (1980) 105 Cal.App.3d 585, 588 [164 Cal.Rptr. 475].) There are three situations in which a defendant may be entitled to a dismissal of his or her conviction: (a) where the defendant has fulfilled the conditions of probation for the entire probationary period; (b) where the defendant has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief. (*Id.* at p. 587; see *People v. Field* (1995) 31 Cal.App.4th 1778, 1787 [37 Cal.Rptr.2d 803].) The court is required to grant relief if the petitioner comes under either of the first two situations. (*Butler*, at p. 587.)

■ Defendant's argument is that early termination of probation is the same as being discharged from probation prior to termination of the period of probation. "Discharge" is not synonymous with "early termination" of probation. Penal Code section 1203.3, subdivision (a), authorizes a court to terminate probation early *"when the good conduct and reform of the person so held on probation shall warrant it"* (*People v. Butler, supra,* 105 Cal.App.3d at p. 589, italics added) the court "may at any time when the ends of justice will be subserved thereby, . . . terminate the period of probation, and discharge the person so held" (Pen. Code, § 1203.3, subd. (a)). The statutory language authorizing discretionary early termination of probation thus requires good conduct of the defendant. Where probation is terminated on such grounds, the defendant is released from the restraints and conditions of probation, that is, the court has "excused defendant from complying with the conditions of probation prior to the termination of probation." (*People v. Chandler, supra,* 203 Cal.App.3d at p. 790.)

■ However, probation can also be terminated early where a defendant is sentenced to jail or state prison upon a revocation of probation. (Pen. Code, § 1203.2, subd. (c).) Because Penal Code section 1203.4 was intended as a reward for good conduct, it cannot be interpreted to authorize relief to defendants simply because probation has been terminated early; the defendant is required to show he has fulfilled the terms of probation or has been excused therefrom "prior to the termination of probation." (*People v. Chandler, supra,* 203 Cal.App.3d at p. 790.) Case law supports our interpretation. Even where a defendant's probation has not been revoked, relief under Penal Code section 1203.4 may be denied absent a showing that the defendant fulfilled the conditions of probation. (*Chandler, supra,* at p. 789; see *People v. Turner, supra,* 193 Cal.App.2d at p. 247.)

In *Chandler*, the defendant's probation terminated at the expiration of the probationary term, without any violations of probation, but relief was denied despite the fact the defendant had not paid the full amount of court-ordered restitution. The defendant in *Chandler* argued that the trial court's decision to

terminate probation rather than extending the period so he could pay the remainder of the unpaid restitution constituted "a full discharge of all of the restraints and conditions of his probation," and entitled him to relief under Penal Code section 1203.4. (*People v. Chandler, supra*, 203 Cal.App.3d at p. 789.) The court disagreed, stating the facts established the defendant was not " 'discharged prior to the termination of probation' " and he was not excused "from complying with the conditions of probation." (*Id.* at p. 790.)

We thus interpret the term "discharge" to refer to the release of the defendant from the restraints and conditions of probation. A defendant may be "discharged" from certain probationary conditions upon the "termination" of the probationary period at its expiration, as well as by fulfillment of the conditions, or an order modifying the conditions to excuse the defendant's performance of conditions, *prior* to the expiration of the term. (See *People v. Williams* (1944) 24 Cal.2d 848, 852–853 [151 P.2d 244].) In this way, "discharge from probation" may occur prior to the "termination of the period of probation" where the defendant has fully performed all the conditions of probation prior to the expiration of the probationary term, or has been excused therefrom.

Any other interpretation renders the words "discharged from probation" as surplusage, contrary to the rules of statutory construction. If the Legislature had intended to confer the reward of dismissal upon anyone whose period of probation had been terminated early, it could easily have said as much. Instead, the crucial question is why "was the probation terminated early." (*People v. Butler, supra*, 105 Cal.App.3d at p. 588.)

To be eligible for relief under section 1203.4, the defendant must show more than mere early termination of probation; he or she must show the early termination is attributable either to completion of the conditions of probation during the probationary term, or early fulfillment of the conditions of probation resulting in discharge prior to termination of the period of probation. The terms "discharge[d from probation] prior to the termination of the period of probation" do not amount to a "distinction without a difference," notwithstanding the dicta relied upon by defendant found in *People v. Hawley, supra*, 228 Cal.App.3d at page 250, where the defendant was discharged from probation early.

In *Hawley*, the defendant had complied with the conditions of probation and his performance on probation was described as "outstanding" halfway through the period of probation. (*People v. Hawley, supra*, 228 Cal.App.3d at p. 249.) The probation officer's report therefore recommended that his term of probation be modified so that it would terminate early and the court granted the request, terminating the defendant's probation approximately halfway

through the probationary period. Subsequently, the defendant petitioned for relief under section 1203.4, but the trial court denied relief on the grounds the nature of the crime of conviction was too serious.

On review, the order denying relief was reversed. The court concluded that there was no "practical" difference between a " 'discharge prior to the termination of the period of probation' " and "termination of probation before the original term has expired," but it did not hold that the two terms were synonymous. (*People v. Hawley, supra*, 228 Cal.App.3d at p. 251.) The reason that the court found no practical difference is because the defendant in *Hawley had been* discharged prior to the termination of the period of probation. (*Id.* at p. 250.)

Because the defendant in *Hawley* had been discharged from probation prior to the termination of the period of probation, that decision does not support the defendant's assertion that early termination of probation, ipso facto, entitles a defendant to relief under Penal Code section 1203.4. Probation may, as in this case, be terminated early for reasons other than fulfillment of the conditions of probation, such as when the trial court revokes probation. (Pen. Code, § 1203.2, subd. (b).) Only when probation terminates by reason of the defendant's good conduct may section 1203.4 be invoked. Our interpretation presumes that every word in the phrase "discharged prior to termination of the period of probation" has meaning, performs a useful function, and thus avoids a construction rendering some words in the statute useless or redundant. (*Bernard v. Foley* (2006) 39 Cal.4th 794, 810–811 [47 Cal.Rptr.3d 248, 139 P.3d 1196]; *People v. Kennedy, supra*, 168 Cal.App.4th at p. 1239.)

We conclude that relief from a conviction is available only as a reward to a defendant who has fulfilled the conditions of probation for the entire period of probation (*People v. Mgebrov, supra*, 166 Cal.App.4th at p. 584), or to a defendant whose early fulfillment of probation conditions results in early termination of probation. Where the defendant's probation period terminates prior to the expiration of the statutorily prescribed period, the defendant must establish that he fulfilled the conditions of probation, or was excused from complying with the conditions of probation, or *discharged* from the conditions prior to the termination of probation. (*People v. Chandler, supra*, 203 Cal.App.3d at p. 790.) Otherwise, he or she has not been "discharged" prior to termination of the period of probation.

Insofar as the defendant never fulfilled the prescribed conditions of probation during the probationary term, and because his period of probation was not terminated for good conduct, but, rather, because a prison term had been imposed on him in other felony cases, he was not eligible for relief under Penal Code section 1203.4.

## DISPOSITION

The judgment is affirmed.

McKinster, J., and Miller, J., concurred.

A petition for a rehearing was denied December 13, 2012, and appellant's petition for review by the Supreme Court was denied February 20, 2013, S207529.