Filed 3/22/22  P. v. Balboa CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERTO BALBOA,<br><br>    Defendant and Appellant. | A162473<br><br>(Solano County<br>Super. Ct. No. FCR330837) |

Defendant Gilberto Balboa pled no contest to one count of lewd conduct in public under Penal Code[1] section 647, subdivision (a).  The superior court suspended sentence and imposed a probation term of three years pursuant to the parties' plea agreement.  Three months before defendant's probation was set to expire, the court terminated his probation under section 1203a, as amended by Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950).  Defendant then filed a motion to set aside his conviction and dismiss the information pursuant to section 1203.4, which provides that a defendant whose probation terminates successfully is entitled to expungement.  The motion was denied.

On appeal, the Attorney General concedes that the superior court erred in denying the motion, and agrees that defendant is entitled to relief.  We

---

[1] All statutory references are to the Penal Code.

agree with the parties and reverse, remanding the matter to the lower court with instructions to grant defendant the relief he seeks.

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Because the facts underlying defendant's conviction are irrelevant to the issues on appeal, we do not discuss them.

The People filed an information charging defendant with two felony counts of lewd and lascivious acts upon a child (§ 288, subd. (a)) in September 2017. Defendant later pleaded no contest to one misdemeanor count of lewd conduct in public (§ 647, subd. (a)). The remaining charges were dismissed as part of a negotiated disposition. In June 2018, the superior court suspended imposition of sentence and granted defendant informal probation for a term of three years, with various terms and conditions.

On November 23, 2020, defendant moved the superior court to terminate his probation early and dismiss his conviction under section 1203.4. The prosecution opposed the request, arguing that no changed circumstance had arisen since the time of the plea to justify the requested relief. The court denied the motion.

Effective January 1, 2021, Assembly Bill 1950 amended section 1203a to limit misdemeanor probation to a maximum term of one year, with exceptions that are not at issue here. (§ 1203a, subd. (b).)

On March 3, 2021, the superior court filed an "Order Terminating Probation Pursuant to [Assembly Bill] 1950," ending defendant's probation approximately three months before its natural expiration date.

On March 11, 2021, defendant renewed his request to dismiss his conviction under section 1203.4. Defense counsel stated that defendant's probation had expired by operation of law, averring that he had completed all

terms of probation, paid all fines, and had not violated probation. The prosecution objected for the same reason as previously stated, noting that defendant had "entered into a contract" when he agreed to serve a three-year probationary term in exchange for a reduced charge and no additional custody time.

On April 14, 2021, the superior court denied defendant's motion to dismiss his conviction. Citing *People v. Johnson* (2012) 211 Cal.App.4th 252 (*Johnson*), the court reasoned that "Penal Code section 1203.4 was intended as an award for good conduct," and therefore "cannot be authorized to interpret relief to defendants simply because probation was terminated early." The court concluded: "In this particular instance, [defendant] was not terminated as successful. He was terminated by operations [*sic*] of law under [Assembly Bill] 1950. Under [Assembly Bill] 1950 he can only serve for that one year period. Under [section] 1203.4 he has to show that he has met all of the conditions. All of the conditions indicate he has to serve that complete three-year term, in order to be able to be eligible under [section] 1203.4."

This appeal followed.

## II.

## DISCUSSION

Defendant correctly contends that because he "fulfilled the conditions of probation for the entire period required of him," he is eligible for relief under to section 1203.4 as a matter of law. The Attorney General concedes the merits of defendant's claim. We agree with the parties and, accordingly, we reverse the superior court's order with directions to grant defendant relief under section 1203.4.

Section 1203.4, subdivision (a)(1) provides, in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the

3

entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation . . . be permitted by the court to withdraw their plea of guilty or plea of nolo contendere . . . and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in Section 13555 of the Vehicle Code. "

"As the statutory language makes clear, there are three situations in which a defendant may be entitled to have his or her conviction dismissed. The first two—when the defendant fulfilled the conditions of probation for the entire probationary period or when the defendant was discharged before the termination of the period of probation—require the court to grant the requested relief if the conditions are met. The last requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574.) The first two situations are implicated here.

It has long been held the statutory language of section 1203.4 provides for expungement as a matter of right for those defendants who fully perform the terms of their probation for the entire probationary period. "[A] defendant moving under Penal Code section 1203.4 is entitled *as a matter of right* to its benefits upon a showing that he [or she] 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial

4

court should have no discretion but to carry out its part of the bargain with the defendant." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788, italics added; accord, *People v. Johnson* (1955) 134 Cal.App.2d 140, 144 [discussing former version of statute].)  Additionally, a defendant whose probation is "terminated before the original term had expired" is considered " 'discharged prior to the termination of the period of probation' " for purposes of section 1203.4.  (*People v. Hawley* (1991) 228 Cal.App.3d 247, 250.) Defendant was therefore entitled to the requested relief under the statute because, as the superior court noted, his probation "was terminated by operations [*sic*] of law under [Assembly Bill] 1950" before the original probationary term had expired.  Further, it is undisputed that defendant fulfilled all of his probation conditions during his probation.

The case the superior court relied on, *Johnson, supra,* 211 Cal.App.4th 252, is inapposite.  In *Johnson*, that defendant sought dismissal of a misdemeanor complaint under section 1203.4 after his probation was terminated early due to a pending prison term.  The appellate court noted that where "the defendant's probation period terminates prior to the expiration of the statutorily prescribed period, the defendant must establish that he fulfilled the conditions of probation, or was excused from complying with the conditions of probation, or *discharged* from the conditions prior to the termination of probation. [Citation.]  Otherwise, he or she has not been 'discharged' prior to termination of the period of probation." (*Johnson*, at p. 264.)  The court concluded that the defendant "never fulfilled the prescribed conditions of probation during the probationary term, and because his period of probation was not terminated for good conduct, but, rather, because a prison term had been imposed on him in other felony cases, he was not eligible for relief under Penal Code section 1203.4." (*Ibid*.)

5

Defendant's case here is not comparable.  He was discharged from probation due to a statutory amendment, rather than his own continuing criminal misconduct.  And he was denied relief solely because, as a result of this amendment, he did not serve the full three years; not because of any other conditions of probation that he failed to meet.  He is accordingly entitled to relief pursuant to section 1203.4.

### III.

### DISPOSITION

The order denying defendant's motion for dismissal is reversed.  The case is remanded to the superior court with directions to grant defendant's motion and undertake any necessary further proceedings, consistent with this opinion, to effectuate the dismissal of the misdemeanor charge identified in defendant's motion.

EAST, J.*

WE CONCUR:


HUMES, P. J.


BANKE, J.


A162473
*People v. Balboa*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.