Filed 1/6/25  P. v. Boyd CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B333737 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA423283-01) |
| v. | |
| DAVID THOMPSON BOYD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Ricardo R. Ocampo, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

David Thompson Boyd appeals from an order denying his petition for dismissal of a conviction under Penal Code[1] section 1203.4, which provides relief when a defendant has fulfilled the conditions of probation throughout the probationary period. The trial court denied the petition ruling that Boyd did not successfully complete his probation because he was convicted of a separate offense and sentenced to state prison during the probationary period. On appeal, Boyd argues the court erred because the subsequent conviction was based on conduct that occurred prior to the grant of probation in this case. The People assert the court properly denied the petition because Boyd had a prior probation violation, and he failed to prove he successfully completed all the conditions of his probation. We conclude Boyd was not entitled to relief under section 1203.4 because the record shows he did not fulfill the conditions of probation through the entire probationary period. We accordingly affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

## I. Boyd is placed on formal probation

On June 2, 2014, Boyd was charged in Los Angeles County Superior Court case No. BA423283 with one felony count of unlawful firearm activity in violation of section 29815, subdivision (a) (the "Los Angeles case"). On August 1, 2014, a jury found Boyd guilty as charged of that count. On November 10, 2014, the trial court sentenced Boyd to three years of formal probation subject to various terms and conditions, including 180 days in county jail.

---

[1]     Unless otherwise stated, all further undesignated statutory references are to the Penal Code.

On March 21, 2016, Boyd was arrested for an alleged probation violation on the grounds that he had been lying to his probation officer about his place of residence. On April 25, 2016, Boyd admitted to violating his probation, and the trial court found a violation of probation. The court revoked and then immediately reinstated Boyd's probation, and ordered that it continue under the same terms and conditions, with an additional requirement that Boyd perform 160 hours of community service.

## II. Boyd is sentenced to state prison in another case

On June 30, 2016, Boyd was indicted in San Diego Superior Court case No. SCD255550 on multiple felony counts arising from an alleged mortgage fraud scheme (the "San Diego case"). Boyd was taken into custody in that case on or about July 11, 2016. On January 9, 2017, Boyd pleaded guilty to one count of procuring or offering a false or forged instrument in violation of section 115, subdivision (a), which occurred on or about July 12, 2012. On February 7, 2017, Boyd was sentenced to a total term of four years in state prison in the San Diego case.

## III. Boyd's probation is revoked and then terminated

Meanwhile, on January 4, 2017, the trial court called the Los Angeles case for a possible probation violation. The court noted that Boyd was not present, and that he appeared to be in custody in San Diego on a new charge. On that date, the court revoked Boyd's probation and issued a no-bail bench warrant.

On March 29, 2018, the trial court called the Los Angeles case for a bench warrant hearing. Boyd again failed to appear, and the prosecutor informed the court that Boyd was currently serving a four-year prison term in San Diego. At the prosecutor's

3

request, the court recalled the bench warrant and terminated Boyd's probation.

## IV. Boyd files a section 1203.4 petition for dismissal

On July 31, 2023, Boyd filed a petition to dismiss his conviction in the Los Angeles case under section 1203.4. In his form petition, Boyd checked a box stating he was entitled to relief because he "has fulfilled the conditions of probation for the entire period thereof."

On September 5, 2023, the trial court denied the petition. There is no reporter's transcript of the proceeding because the court considered the matter in chambers and off the record. However, in its written order denying Boyd's request for section 1203.4 relief, the court stated: "Petitioner did not successfully complete prob[ation]. Pet[itioner] convicted of 115 and sentenced to state prison."

Boyd filed a timely appeal.

## DISCUSSION

On appeal, Boyd challenges the trial court's denial of his petition for relief under section 1203.4. He claims that, because he did not violate any laws, rules, regulations, or orders of the court during the term of his probation, the trial court erred in finding that he had not fulfilled the conditions of probation.

## I. Governing law

Section 1203.4 provides, in relevant part, that "[w]hen a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time

4

after the termination of the period of probation . . . be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted . . . ."  (§ 1203.4, subd. (a).)

"  ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction . . . ." ' " (*People v. E.B.* (2020) 51 Cal.App.5th 47, 54.)  However, such relief " 'does not, strictly speaking, "expunge" the conviction, nor render the conviction "a legal nullity." ' "  (*People v. Tidwell* (2016) 246 Cal.App.4th 212, 217.)  Dismissal of a conviction under section 1203.4 " 'merely frees the convicted felon from certain "penalties and disabilities" of a criminal or like nature.' " (*People v. Chavez* (2016) 5 Cal.App.5th 110, 116.)

Based on the plain language of the statute, courts have identified three factual scenarios in which a defendant may be eligible for section 1203.4 relief:  (1) where the defendant has fulfilled the conditions of probation for the entire probationary period; (2) where the defendant has been discharged before the termination of the probationary period; or (3) where the court, in its discretion and the interests of justice, determines that the defendant should be granted relief.  (*People v. Allen* (2019) 41 Cal.App.5th 312, 322; *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429–1430 (*Seymore*).)  "If the petitioner comes within either of the first two scenarios, 'the court is

5

required to grant the requested relief.' [Citation.] In such cases, the defendant is entitled to relief 'as a matter of right' and dismissal is mandatory. [Citation.] 'Under the third scenario, the court exercises its discretion whether to grant relief in the interests of justice.' " (*Seymour*, at p. 1430.)

Where the propriety of the trial court's ruling on a petition under section 1203.4 "turns on the interpretation of the relevant statutory provisions, it presents an issue of law, which we review de novo." (*Seymour*, *supra*, 239 Cal.App.4th at p. 1428.)

## II. The trial court did not err in denying Boyd's section 1203.4 petition

In challenging the denial of his section 1203.4 petition, Boyd contends the trial court erred in finding that he had not fulfilled the conditions of probation. Boyd claims the trial court based its finding on his 2017 conviction in the San Diego case, even though the conduct underlying that conviction occurred in 2012, and thus, preceded the 2014 probation grant in this case. Boyd reasons that, because the trial court's ruling was based on an erroneous factual finding, this court must reverse the order denying his petition and remand the matter to the trial court for further proceedings. We disagree.

In his section 1203.4 petition, Boyd sought relief under the first scenario—that he fulfilled the conditions of probation for the entire probationary period. In denying the petition, the trial court found that Boyd "did not successfully complete prob[ation]" because he was "convicted of [a violation of section] 115 and sentenced to state prison." Boyd argues this statement shows the trial court erroneously based its denial of his petition on his conviction in the San Diego case. The Attorney General, on the other hand, asserts the trial court never stated that the San

6

Diego conviction itself was disqualifying; rather the court found that Boyd did not successfully complete his probation because he was in state prison custody in the San Diego case.

In denying Boyd's petition, the trial court referenced both his conviction in the San Diego case and his resulting state prison sentence. As Boyd contends, his conviction for an offense that was committed prior to the grant of probation in this case did not itself constitute a violation of the terms of probation. However, a defendant seeking section 1203.4 relief under the first scenario must "affirmatively establish that he or she has fulfilled all probationary conditions" for the entire period of probation. (*People v. Johnson* (2012) 211 Cal.App.4th 252, 261 (*Johnson*).) Where the defendant does not fulfill all conditions of probation during the probationary term, and probation is terminated early because a prison term is imposed in another felony case, he or she is not entitled to relief under section 1203.4. (*Johnson*, at p. 264.)

Here, Boyd's probation was revoked and then terminated before the expiration of his probationary term because he was sentenced to a four-year prison term for the San Diego offense. The trial court therefore could find that, regardless of when that offense occurred, Boyd was not entitled to section 1203.4 relief because he failed to establish that he fulfilled all conditions of probation during the entire probationary period. (*Johnson*, *supra*, 211 Cal.App.4th at p. 264.) Yet even if we assume the trial court based its denial of the petition solely on the mistaken belief that Boyd committed the San Diego offense while serving probation in this case, reversal is not required. "[W]e review the trial court's ruling, 'not the court's reasoning and, if the ruling was correct on any ground, we affirm.' " (*People v. Camacho* (2022) 14 Cal.5th 77, 123.)

Moreover, as the Attorney General correctly asserts, Boyd cannot show that he fulfilled the conditions of probation for the separate reason that, prior to his conviction and sentence in the San Diego case, he already had committed a violation of probation in this case.  "Qualification for relief under the first scenario—fulfilling the conditions of probation during the entire probationary period—requires exactly that:  fulfillment of *all* the conditions of probation throughout the *entire* period of probation. Any violation of any of the probationary terms will disqualify a probationer from seeking dismissal under the first scenario." (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991; see, e.g., *Seymour*, *supra*, 239 Cal.App.4th at p. 1430 [where defendant admitted two violations of probation, he was not entitled to relief under the first scenario because " 'he clearly could not claim that he successfully completed each of the terms of his probation' "]; *People v. Chandler* (1988) 203 Cal.App.3d 782, 789 [defendant who failed to pay the full amount of restitution owed during the probationary period had "not met the statutory requirement of fulfilling 'the conditions of his probation for the entire period thereof' "].)  In this case, Boyd admitted to violating his probation in 2016 by lying to his probation officer, and the trial court found that Boyd was in violation of probation at that time.

Boyd nevertheless claims his 2016 probation violation did not disqualify him from relief because the trial court decided to revoke and reinstate his probation under the same terms and conditions, plus 160 hours of community service.  This claim is unavailing.  "[A] decision by the [trial] court, in the exercise of its discretion, declining to revoke probation despite a violation is not the same as a determination the defendant fully complied with all its conditions." (*People v. Covington* (2000) 82 Cal.App.4th

8

1263, 1267.) "Even where a defendant's probation has not been revoked, relief under [section 1203.4] may be denied absent a showing that the defendant fulfilled the conditions of probation." (*Johnson*, *supra*, 211 Cal.App.4th at p. 262.) By violating the terms of his probation in 2016, Boyd became ineligible for relief under the first scenario regardless of whether the court exercised its discretion to revoke and then reinstate his probation. Because the record demonstrates that Boyd did not fulfill the conditions of probation throughout the entire period of probation, the trial court properly denied him section 1203.4 relief.

Finally, Boyd argues that, even if he was not entitled to mandatory relief under section 1203.4, the matter should be remanded for the trial court to decide whether to exercise its discretion to dismiss his conviction in the interests of justice. However, in bringing his section 1203.4 petition, Boyd never asked the trial court to grant him relief on these grounds, nor did he submit any evidence showing why it would be in the interests of justice to do so. Rather, Boyd solely sought mandatory relief based on his alleged fulfillment of the conditions of probation. This does not mean Boyd is precluded from seeking discretionary relief at some point in the future. "[T]he denial of a prior request for relief under section 1203.4 does not preclude a subsequent request based upon different facts." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 577.) However, on this record, Boyd failed to establish that he was entitled to section 1203.4 relief. The trial court accordingly did not err in denying Boyd's petition.

9

## DISPOSITION

The order denying the petition for relief under section 1203.4 is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.