Filed 4/18/25  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C101340 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR68335, NCR51795) |
| v. | |
| GARY LEE WRIGHT, | |
| Defendant and Appellant. | |

Defendant Gary Lee Wright filed petitions to withdraw his guilty pleas for two prior convictions and to have the charges against him dismissed, pursuant to Penal Code section 1203.4.[1]  Wright appeals, arguing that the trial court:  (1) either abused its discretion or was not aware of the full scope of its discretion under section 1203.4, and (2) could have instead granted relief under section 4852.01.  The People respond that:

---

[1]  Undesignated statutory references are to the Penal Code.

(1) Wright is ineligible for relief under section 1203.4; (2) in any event, Wright has failed to show an abuse of discretion under section 1203.4; and (3) Wright has forfeited any claim of error under section 4852.01. We agree with the People and will affirm the court's order.

BACKGROUND

In 2000, Wright pled guilty in Tehama County Superior Court case No. NCR51795 (the assault case) to violating section 245, former subdivision (a)(1), committing an assault with a deadly weapon other than a firearm or by any means of force likely to produce great bodily injury. (§ 245, former subd. (a)(1), as amended by Stats. 1993, ch. 369, § 1.) The trial court sentenced Wright to the lower term of two years in prison, suspended execution of the sentence, and placed him on probation for three years. Wright's probation agreement required, among other things, that he obey all laws and "abstain absolutely from the use and possession of alcohol." In 2001, Wright was convicted of driving under the influence of alcohol. Based on this conviction, the trial court found Wright violated the terms of his probation in the assault case, terminated probation, and executed the two-year prison sentence.

In 2006, Wright pled guilty in Tehama County Superior Court case No. NCR68335 (the firearm possession case) to violating former section 12021, subdivision (a)(1), possessing a firearm having been convicted of a felony. (Former § 12021, subd. (a)(1), as amended by Stats. 2004, ch. 593, § 6, p. 4665.) The trial court sentenced Wright to the middle term of four years in prison.

In 2024, Wright filed pro. per. petitions asking the trial court to dismiss the convictions in both cases. The petitions alleged that Wright qualified for dismissal because he "fulfilled the conditions of probation for the entire period thereof" and was "discharged from probation prior to the termination of the period thereof." Neither petition claimed or asserted that relief should be granted in the interests of justice. The trial court considered the information Wright submitted with his petitions, including

2

evidence that Wright had been rehabilitated since the second felony conviction in 2006. The court also considered information provided by the probation officer, which showed Wright had been convicted of eight other misdemeanor offenses in addition to the two felonies, and had probation revoked three times. For the two felonies at issue in the petitions, the court noted that Wright had probation revoked for one conviction and had not been granted probation for the other conviction. Weighing all of these circumstances, the court denied relief. Wright filed a timely notice appealing from the denials in May 2024. His opening brief was filed in December 2024, and the matter became fully briefed on January 14, 2025.

## DISCUSSION

Wright appeals, arguing the trial court abused its discretion or did not have "complete awareness of the boundaries of the court's discretion to grant relief under either section 1203.4 or 4852.01." Wright asks us to "remand in order for the trial court to exercise its discretion under the two statutes and to articulate proper reasons for not granting relief." The People respond that: (1) Wright is ineligible for relief under section 1203.4; (2) in any event, Wright has failed to show an abuse of discretion under section 1203.4; and (3) Wright has forfeited any claim of error under section 4852.01. The People have the better arguments.

### I

### *Legal Background*

In relevant part, subdivision (a)(1) of section 1203.4 provides as follows: "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of

3

an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted . . . ."

As an initial matter, we need not consider whether the trial court properly exercised its discretion in denying Wright's petition in the firearm possession case. Relief under section 1203.4 "is offered only to those defendants who are admitted to probation." (*People v. Guillen* (2013) 218 Cal.App.4th 975, 998; accord *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1780 [§ 1203.4 "applies only to that category of persons who have been admitted to probation and not committed to prison . . . or other state institutions"]; *People v. Borja* (1980) 110 Cal.App.3d 378, 381-382 [rejecting argument that the 1971 amendment to § 1203.4 allowed the court to grant relief where no probation was granted in felony cases].) This means that Wright is ineligible for relief under section 1203.4 for his conviction in the firearm possession case because the court did not grant probation in that case.

For cases in which the trial court granted probation, "[t]here are three circumstances in which a defendant may apply for relief under . . . section 1203.4: if, '(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief.' " (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1459.) Under the second scenario, "the defendant must show more than mere early termination of probation; he or she must show the early termination is attributable either to completion of the conditions of probation during the probationary term, or early fulfillment of the conditions of probation resulting in discharge prior to termination of the period of probation." (*People*

4

*v. Johnson* (2012) 211 Cal.App.4th 252, 263.)  When a defendant's probation has been revoked and the defendant has been sentenced to prison, he is not eligible for relief under the second scenario.  (*Id.* at p. 262.)

## II

### *Discretion Under Section 1203.4*

In the assault case, Wright is ineligible for relief under either the first or the second set of circumstances under section 1203.4 because he did not fulfill or satisfy the conditions of his probation and he was not discharged from probation before his probationary term expired.  Thus, he cannot seek relief under either of those scenarios.  This arguably leaves only the third scenario, which "requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574.)  The court may grant relief under this provision, even "where a probationer has not satisfied the terms of probation if it is in 'the interests of justice' " (*People v. Chatman* (2018) 4 Cal.5th 277, 286), and may consider "any relevant information, including the defendant's postprobation conduct," in determining whether to grant relief (*McLernon*, at pp. 576-577).  The Legislature added this discretionary relief option to the statute "to give trial courts the power to set aside a conviction after the termination of probation *whenever* the circumstances warranted it. (§ 1203.4, subd. (a) [relief may be granted '*in any other case* in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available' (italics added)]; Assem. Com. on Crim. Justice, Bill Dig. of Sen. Bill No. 248 (1971 Reg. Sess.) June 22, 1971, furnished by Legislative Research Incorporated [proposed amendment expands statute 'so that it applies to defendants who did not successfully complete their probation.  In effect, it provides that any defendant can have a conviction set aside after the termination of probation whenever a court, in its discretion and the interests of justice, determines that such relief should be granted.'].)"  (*Id.* at p. 576, fn. omitted.)  If the court "patently fail[s] to consider the matter as one of

5

discretion," we may remand for the court to exercise its discretion. (*People v. Holman*, *supra*, 214 Cal.App.4th at p. 1463.) Otherwise, we review the court's decision for abuse of discretion.

The People contend Wright is ineligible for discretionary relief in the assault case because the trial court revoked his probation and executed his suspended prison sentence. To the contrary, Wright contends "[i]t is unclear from this record whether the [trial] court in ruling on the motions originally filed under section 1203.4 realized that[,] even though [Wright's] probation was initially revoked and he was sent to state prison, he was nonetheless eligible for relief if the court agreed that in an exercise of its discretion and in the interest of justice relief was appropriate." We disagree with Wright because when a "trial court revokes probation and commits the defendant to state prison, the defendant's status changes from 'probationer' to 'prisoner' and the defendant is ineligible for section 1203.4 relief" (*People v. Parker* (2013) 217 Cal.App.4th 498, 502), even in the interest of justice.

Furthermore, even if Wright was eligible for relief, the trial court did not abuse its discretion by denying his petition. Our review of the hearing transcript indicates the court was not merely finding Wright ineligible as a matter of right. Rather, the court also considered the information Wright presented with his petition and information from the probation officer about Wright's criminal history and weighed the circumstances presented. This indicates the court was aware that even if it had the discretion to grant the petition in the interest of justice, it was exercising its discretion not to do so and did not abuse that discretion.

Here, the trial court considered all the information provided and determined Wright's criminal history made him unsuitable for relief. Section 1203.4 "rewards those who comply with their terms of probation or are relieved from compliance." (*People v. Johnson*, *supra*, 211 Cal.App.4th at pp. 261-262.) Wright failed to complete probation in at least three cases, while committing eight misdemeanor offenses in addition to the two

6

at issue here. The trial court reasonably viewed Wright's behavior as directly contravening the desired outcome under section 1203.4 and, accordingly, we cannot say that the court's decision is "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

III

*Section 4852.01*

Wright also contends the trial court had discretion under section 4852.01 to grant a certificate of rehabilitation and pardon. This argument fails because Wright never asked the trial court to grant relief under section 4852.01. (See *People v. Partida* (2005) 37 Cal.4th 428, 435 ["A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct"].)

DISPOSITION

The order denying Wright's petitions is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
DUARTE, J.

7