Filed 4/25/23  P. v. Ferguson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JORDAN ELDRIDGE FERGUSON,<br><br>     Defendant and Appellant. | C093284<br><br>(Super. Ct. No. MAN-CR-FE-COD-2019-0014254) |

In *Williams v. Superior Court* (2017) 15 Cal.App.5th 1049 (*Williams I*), we issued a writ sought by Darren Williams, a codefendant of defendant Jordan Eldridge Ferguson, and directed the superior court to dismiss a defective indictment.  The People sought review in the California Supreme Court.  When, in *Williams v. Superior Court* (2019) 38 Cal.App.5th 1022 (*Williams II*), that petition ultimately led to another direction from this court to dismiss that same indictment, defendant claimed the People were prohibited

1

from filing a new complaint by Penal Code section 1238, subdivision (b),[1] which provides: "If, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed."

As we will explain, we conclude the People did not appeal under section 1238, subdivision (a)(8), and thus section 1238, subdivision (b) does not apply. Accordingly, the People were not prohibited from filing a new charging document and we affirm the judgment in that respect. However, the parties agree this case should be remanded for the trial court to exercise its sentencing discretion under the recent statutory amendments effected by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1) (Senate Bill No. 567) and Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) (Assembly Bill No. 518). We agree with the parties and will remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

The charges against defendant and his codefendants stemmed from a series of cell phone store robberies. (*Williams II, supra*, 38 Cal.App.5th at p. 1025.) The details of the crimes are not relevant to the issues raised on appeal, and we do not relate them here.

In August 2015, the prosecution filed a complaint charging defendant and his codefendants, including Williams, with multiple counts of robbery and other charges. (*Williams II, supra*, 38 Cal.App.5th at p. 1026.) In mid-April 2016, the prosecution filed an amended complaint that included 26 charges and additional factual allegations. (*Ibid.*) Shortly thereafter, the grand jury returned an indictment. (*Id.* at p. 1027.) In July 2016, Williams moved to dismiss the indictment under section 995, on the ground that the prosecutor exceeded his authority in dismissing a grand juror for hardship and thereafter

---

[1] Undesignated statutory references are to the Penal Code.

2

proceeded with an improperly constituted grand jury consisting of only 19 jurors. (*Ibid.*) The trial court denied the motion. (*Ibid.*)

In October 2016, Williams sought writ relief in this court. (*Williams II, supra*, 38 Cal.App.5th at p. 1025.) In September 2016, we concluded the grand jury proceedings were defective and Williams' motion to dismiss the indictment should have been granted. (*Williams I, supra*, 15 Cal.App.5th at pp. 1061-1062.) We issued a writ vacating the superior court's order and directing the court to issue a new order granting the motion to dismiss. (*Id.* at p. 1062.) We stated, "[t]he writ shall issue without prejudice to the People continuing to prosecute these charges by seeking another indictment free of the charged defects or by filing another complaint." (*Ibid.*)

In November 2017, the People filed a petition for review of our decision by the California Supreme Court.[2] In December 2017, that court granted the People's petition for review and deferred the matter pending consideration and disposition of a related issue in *Avitia v. Superior Court*, review granted June 21, 2017, S242030.

In April 2019, our Supreme Court transferred the matter back to this court, with directions to vacate our prior decision and reconsider the case in light of *Avitia v. Superior Court* (2018) 6 Cal.5th 486.) (*Williams II, supra*, 38 Cal.App.5th at pp. 1025-1026.)

After considering *Avitia*, we again issued a writ vacating the superior court's order denying Williams' motion to dismiss the indictment and directing the court to issue a new order granting the motion. (*Williams II, supra*, 38 Cal.App.5th at p. 1033.) As before,

---

[2] We initially deferred decision on defendant's request for judicial notice of various court records. We now grant the request limited to document number 6 of the exhibits to the request, consisting of the California Supreme Court's docket of the People's petition for review of our decision in *Williams I*. (Evid. Code, §§ 452, 459.) We deny the request as to the remaining documents, which are unnecessary to resolution of this appeal. (See *JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 174; *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

3

we stated that the writ would issue without prejudice to the People seeking another indictment or filing another complaint. (*Id.* at p. 1033.)

In December 2019, the prosecution filed an amended consolidated information, charging defendant with conspiracy to commit robbery (§§ 182, subd. (a)(1)/211; count 1); kidnapping to commit robbery (§ 209, subd. (b)(1); count 2); first degree robbery (§ 211; counts 3, 9 & 10); second degree robbery (§ 211; counts 4, 6, 7, 12 & 15); attempted second degree robbery (§§ 664/211; counts 13 & 14); illegal firearm possession by a felon (§ 29800, subd. (a)(1); counts 5, 8 & 11); and illegal possession of ammunition by a felon (§ 30305, subd. (a)(1); count 16).

The information alleged that defendant personally used a firearm in counts 2, 3, 4, 6, 7, 9, 10 and 15. (§ 12022.53, subd. (b).) It was further alleged in counts 1-4, 6, 7, 9, and 12-15, that defendant had suffered a prior conviction that qualified as a strike under the three strikes law (§§ 667, subd. (d), 1170.12, subd. (b)) and as a prior serious felony conviction (§ 667, subd. (a)). The prior conviction was alleged only as a strike (§§ 667, subd. (d), 1170.12, subd. (b)) in counts 5, 8, 11, and 16.

At the commencement of trial, the trial court granted the prosecution's motion to amend the information to charge all the robbery counts as second degree robbery.

The jury found defendant guilty on all counts and all the firearm allegations true. At a bifurcated bench trial, defendant admitted his prior conviction.

The trial court sentenced defendant to an indeterminate sentence of 14 years to life in prison on count 2 as doubled by the strike, plus determinate terms of 10 years for the firearm enhancement and five years for the prior serious felony conviction enhancement. The court also imposed a concurrent determinate sentence of 32 years 8 months, calculated as follows: the middle term of three years on count 9, doubled to six years by the strike, plus 10 years for the firearm enhancement (the court struck the sentences on the prior serious felony enhancement); seven consecutive two-year terms on counts 3, 4, 6, 7, 10, 12, and 15 (the court struck the sentences on the firearm and prior serious felony

4

enhancements); and consecutive terms of one year four months on counts 13 and 14 (one-third the middle term doubled by the strike).

Defendant filed a timely notice of appeal. After multiple extensions of time for augmentation of the record as well as requests to continue the briefing schedule by both parties, the initial briefing was completed on December 9, 2022, and the case was assigned to this panel shortly thereafter. We ordered supplemental briefing, and the case was fully briefed on February 1, 2023.

## DISCUSSION

### I

### *Penal Code section 1238, subdivision (b)*

Defendant contends that because the People petitioned for review, they were barred from filing a new charging document after we ordered the superior court to dismiss the indictment in *Williams II.* We disagree. Defendant's claim is at odds with both the plain language of California Rules of Court, rule 8.500,[3] authorizing the People's petition for review, as well as section 1238, subdivision (b) itself.

We requested and received supplemental briefing from the parties on (1) whether section 1238, subdivision (b) applies when the authorization for review by the California Supreme Court is rule 8.500 (or its predecessor rule 28), rather than section 1238; and (2) under what authority the People sought review of *Williams I.* On the latter question, we invited augmentation of the record if necessary to answer it. Accordingly, we now grant the People's request for judicial notice of the petition for review filed in *Williams I* and note that the petition requested review under rule 8.500(b)(1) " 'to secure uniformity of decision or to settle an important question.' "

_____

[3] Undesignated rule references are to the California Rules of Court.

5

Defendant argues that the prosecution's right to petition for review to the California Supreme Court may not be conferred by rule 8.500 and the People may seek review only under section 1238. We disagree for at least two reasons.

First, " '[r]ules of court have the force of law and are as binding as procedural statutes as long as they are not inconsistent with statutory or constitutional law.' " (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279, fn. 3, quoting *R.R. v. Superior Court* (2009) 180 Cal.App.4th 185, 205.)

Second, defendant's argument that rule 8.500 does not authorize the People's petition for review is contrary to the plain language of the rule. We review de novo interpretation of the California Rules of Court. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.) Under ordinary principles of statutory construction applicable to interpretation of the California Rules of Court, " '[i]f the rule's language is clear and unambiguous, it governs.' " (*People v. Benhoor* (2009) 177 Cal.App.4th 1308, 1318, fn. 10.) Rule 8.500(a)(1) provides: "*A party* may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order . . . ." (Italics added.) We find no ambiguity in the language of rule 8.500 authorizing a "party" to petition for review of a decision of the court of appeal. The People sought review of *Williams I* in their capacity as a "party" to that decision.

Defendant also argues that the Judicial Council may not adopt a rule inconsistent with a statute. (See Cal. Const., art. VI, § 6 ["The rules adopted shall be consistent with statute"]; see also *Marshall v. Webster, supra*, 54 Cal.App.5th at p. 279, fn. 3.) Thus, defendant implies that rule 8.500 is inconsistent with section 1238, and that the People may petition for review solely under section 1238.

To be sure, it is well established that "[t]he People have no right to appeal except as provided by statute. [Citation.] Section 1238 . . . governs the People's appeals from orders or judgments of the superior courts. (Footnote omitted.)" (See *People v. Douglas* (1999) 20 Cal.4th 85, 89; see also *People v. Montellano* (2019) 39 Cal.App.5th 148, 154

6

["In criminal cases, the People's right to appeal is controlled and limited by section 1238"].) It is equally well established that where the trial court dismisses a criminal indictment or complaint, the People may refile the charges or appeal under section 1238, subdivision (a)(8). If the People appeal and "the appeal fails, the prosecution is precluded from refiling the case" by section 1238, subdivision (b). (*People v. Chacon* (2007) 40 Cal.4th 558, 565; see also *People v. Dewberry* (1974) 40 Cal.App.3d 175, 183 ["An appeal under section 1238(a)(8) is an election of remedies"]; *Anderson v. Superior Court* (1967) 66 Cal.2d 863, 867.)

However, defendant ignores the relationship between subdivisions (a) and (b) of section 1238. Section 1238, subdivision (a) provides that "[a]n appeal may be taken by the people from any of the following," including in subpart (8) "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action . . . ." (§ 1238, subd. (a)(8).) Section 1238, subdivision (b) provides: "If, *pursuant to paragraph (8) of subdivision (a), the people prosecute any appeal to decision*, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed." (Italics added.) Thus, section 1238, subdivision (b) states that an appeal by the People under section 1238, subdivision (a) is a prerequisite to the bar on refiling the case expressed by section 1238, subdivision (b).

Defendant relies heavily on the portion of section 1238, subdivision (b) referring to "any review of such decision," as if this phrase and the phrase "prosecute an appeal to decision" were separate and independent, either one of which can invoke the bar of section 1238, subdivision (b). Again, we disagree. Applying the fundamental rule that our " ' "primary task in construing a statute is to determine the Legislature's intent," ' " we turn " ' "first to the words themselves for the answer." ' " (*People v. Statum* (2002) 28 Cal.4th 682, 689.) " 'When the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citation.] The plain

7

language of the statute establishes what was intended by the Legislature.' " (*Id.* at pp. 689-690.)

Here, the phrase "any review of *such* decision" (italics added) unambiguously refers to the antecedent clause, "[i]f, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision." The circumstance described by the phrase "any review of such decision" occurs where the People appeal an order dismissing an indictment or complaint, the appellate court renders a decision unfavorable to the appeal, and the People seek review of that decision in the California Supreme Court. The statute provides that the People may not evade the bar of section 1238, subdivision (b) by unsuccessfully petitioning for review after losing an appeal and then claim that the statute only applies to an appeal. But that scenario is not what occurred in this case, where defendant's codefendant sought writ relief from this court. Accordingly, since the People never prosecuted an appeal in this case, section 1238, subdivision (b) does not bar their refiling of charges against defendant.

We note that our interpretation of section 1238, subdivision (b) is consistent with the disposition of *Williams II*, where we stated that our direction to the trial court to enter an order granting the motion to dismiss was "without prejudice to the People continuing to prosecute these charges by seeking another indictment free of the charged defects or by filing another complaint." (*Williams II, supra*, 38 Cal.App.5th at p. 1033.)

We conclude that the People were not barred by section 1238, subdivision (b) from refiling this case after *Williams II*.[4]

---

[4] Because we determine that defendant's claim that section 1238, subdivision (b) bars this action lacks merit, we need not reach the Attorney General's alternative contentions.

II

*Senate Bill No. 567 and Assembly Bill No. 518*

Defendant contends that he is entitled to remand for resentencing under (1) Assembly Bill No. 518 because of the amendment to section 654, which formerly required the trial court to select as the principal term the offense with the longest potential sentence, and (2) Senate Bill No. 567 because defendant was under 26 at the time of his crimes, and this legislation enacted section 1170, subdivision (b)(6)(B), which makes the lower term the presumptive sentence for a defendant under 26 years old.

The Attorney General agrees that the ameliorative changes effected by Assembly Bill No. 518 and Senate Bill No. 567 apply retroactively to defendant's nonfinal judgment on appeal. (*People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*); *People v. Mani* (2022) 74 Cal.App.5th 343, 379; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) The Attorney General also agrees that the case should be remanded for resentencing. We agree with the parties.

"Assembly Bill 518, amended section 654, subdivision (a), to provide in relevant part: 'An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.' (Stats. 2021, ch. 441, § 1.) Previously, under section 654 'the sentencing court was required to impose the sentence that "provides for the longest potential term of imprisonment" and stay execution of the other term. [Citation.] . . . [S]ection 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*Jones, supra*, 79 Cal.App.5th at p. 45, quoting *People v. Mani, supra*, 74 Cal.App.5th at p. 379.)

Senate Bill No. 567 "created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense." (*People v. Flores, supra*, 73 Cal.App.5th at p. 1038.) "[S]ection 1170, subdivision (b)(6) provides: '[U]nless the

9

court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.' (§ 1170, subd. (b)(6); see § 1016.7, subd. (b) ['A "youth" for purposes of this section includes any person under 26 years of age on the date the offense was committed'].)" (*Flores*, at pp. 10381039.)

Defendant's sentence was potentially affected by the amendment to section 1170, subdivision (b)(6), because the trial court imposed the middle term on the counts with determinate terms. Since defendant was under 26 at the time he committed these crimes, section 1170, subdivision (b)(6)(B) presumptively called for imposition of the lower term.

Whether the amendment to section 654 may alter defendant's sentence is less clear. The trial court selected count 9 as the principal term and stayed the sentence on count 1 under section 654. On both counts, the court imposed the middle term. Nonetheless, the trial court will have the opportunity to revisit all its sentencing choices on all counts and consider any other current law that applies to defendant on remand for a full resentencing. (*Jones, supra*, 79 Cal.App.5th at p. 46 ; see also *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

## DISPOSITION

We remand for resentencing as described by this opinion and otherwise affirm the judgment.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Krause, J.

_____/s/_____
Earl, J.